[No. B208782. Second Dist., Div. Two. Sept. 1, 2009.]

BARBARA HEARN et al., Plaintiffs and Respondents, v.
LISA M. HOWARD, Defendant and Appellant.

## COUNSEL

Lisa M. Howard, in pro. per., for Defendant and Appellant.

Parker Shumaker Mills and Howard M. Fields for Plaintiffs and Respondents.

## OPINION

**DOI TODD, Acting P. J.**—Defendant and appellant Lisa M. Howard appeals following the denial of her motion to vacate entry of default and a default judgment against her on the complaint filed by plaintiffs and respondents Barbara Hearn and Thierry Didelot (plaintiffs). She contends the trial court abused its discretion by determining that she was properly served by substituted service and declining to find that entry of default was the result of mistake, surprise, inadvertence or excusable neglect. Finding no basis to conclude the trial court abused its discretion, we affirm, though we modify the judgment to omit $15,000 in attorney fees because that amount was not specified in the complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2007, plaintiffs filed a complaint for damages against appellant, Sunitha Anjilvel and Stewart Richlin, alleging a claim for legal malpractice arising from their negligent representation of plaintiffs in a prior action which precluded plaintiffs from collecting a judgment and setting aside a fraudulent conveyance.

The following day, May 15, 2007, plaintiffs' counsel sent a notice and acknowledgement of receipt to all three defendants which enclosed the summons and complaint and, in order to avoid service of process, requested in a cover letter that each of them sign and return the notice and acknowledgement in a provided envelope. Defendants Anjilvel and Richlin contacted plaintiffs' counsel in response to the request; plaintiffs ultimately dismissed Anjilvel and entered into a nominal settlement with Richlin. Approximately one month later, appellant sent plaintiffs' counsel a nine-page letter in which she requested a settlement of the action comprised of plaintiffs' dismissal. She indicated that she would revoke the settlement offer if forced to file a responsive pleading. The balance of the letter addressed the merits of the action. Plaintiffs' counsel immediately responded, refuting appellant's assertions and rejecting the proposed settlement.

Having received no response from appellant, on July 11, 2007, plaintiffs' counsel sent a letter to appellant, which stated in part: "Please let me know if

you will voluntarily appear by the filing of whatever pleading you wish or if I should just send out a process server." After appellant neither responded by letter nor filed a responsive pleading, plaintiffs arranged for service of process at 1247 Lincoln Boulevard, Suite 343 in Santa Monica, which was the address on appellant's letterhead and the one that appears for her on the California State Bar's Web site.

According to a declaration of due diligence submitted by registered California process server Isaac Villarreal, he made three attempts to personally serve appellant on July 27, July 30 and August 2, 2007. During the first attempt, Villarreal learned that the address was a post office box rental store. During each attempt, the store clerk declined to confirm that appellant rented a post office box there. During the third attempt, Villarreal left the documents—including the summons and complaint—with the store clerk, identified as " 'John Doe' (Caucasian male; 5'5"; 40's; 170 lbs; wearing baseball cap)." Also on August 2, 2007, Villarreal mailed copies of the documents to appellant at the same address. According to a proof of service of summons filed on August 29, 2007, Villarreal averred that he effected substituted service by these means.

Appellant did not file a responsive pleading and, on September 18, 2007, plaintiffs served on her by mail a request for entry of default. The trial court filed the request and entered default on September 20, 2007. In between those dates, on September 19, 2007, appellant wrote a letter to plaintiffs' counsel contending that the August 29, 2007 proof of service was false and fraudulent, and denying that she had been served in any "authorized fashion." Plaintiffs' counsel responded via e-mail on September 19, 2007, indicating that substituted serviced as authorized by Code of Civil Procedure section 415.20[1] was effectuated on August 2, 2007, and service was deemed complete 10 days thereafter. Counsel also advised that a request to enter default had been submitted but not yet entered.

Appellant did nothing until she appeared in court on November 19, 2007, at the default prove-up hearing. After some colloquy between the trial court and appellant, plaintiffs' counsel provided appellant with a copy of the complaint. Thereafter, plaintiffs filed a second proof of service indicating that appellant had been personally served with the complaint on November 19, 2007. The trial court then reset the default prove-up hearing. Appellant and plaintiffs' counsel engaged in another series of correspondence regarding both service and the merits of the lawsuit.

Appellant again appeared in court at the continued default prove-up hearing on December 20, 2007. She participated in the hearing for some

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

portion of time, but was ultimately escorted from counsel table to the jury box by one or two bailiffs. The trial court heard testimony from plaintiffs concerning the facts of the underlying litigation and from their new attorney who opined both that appellant failed to comply with the applicable standard of care and that plaintiffs would have prevailed in the underlying action had appellant's representation met the standard of care. Plaintiffs presented documentary evidence supporting their damages request, comprised of $245,000 for the original uncollected judgment, $176,090 in interest and $15,000 for attorney fees paid to appellant. At the conclusion of the hearing, the trial court entered judgment in favor of plaintiffs and against appellant in the amount of $436,090 plus costs in the amount of $320.

On February 28, 2008, appellant moved to vacate the default and the default judgment pursuant to section 473. Appellant asserted that default was improperly entered because she was not properly served until November 2007 and that the December 2007 default judgment was therefore prematurely and fraudulently entered. Concurrently with the motion to vacate, appellant submitted a proposed motion to strike and proposed demurrer. Plaintiffs opposed the motion to vacate on the grounds that the motion was untimely; the motion did not include the exhibits and declarations referenced therein; and there was no surprise, mistake or excusable neglect warranting relief.

Following a hearing on April 18, 2008, the trial court denied the motion to vacate. This appeal followed.

## DISCUSSION

Appellant contends that in denying her motion to set aside the entry of default and the default judgment, the trial court abused its discretion because she adequately demonstrated that substituted service of the summons and complaint did not comply with the statutory requirements. She further contends that she showed the default judgment was the result of mistake, surprise, inadvertence or excusable neglect in that it was entered just 30 days after she was personally served with the complaint in court. Finally, she contends the default judgment was improperly entered because no amount of damages was specified in the complaint. We find no merit to any of these contentions.

I. *The Trial Court Properly Exercised Its Discretion in Denying Appellant's Motion to Vacate Entry of Default and the Default Judgment Pursuant to Code of Civil Procedure Section 473*

■ Appellant sought relief under two separate provisions of section 473, a statute which provides a procedural basis for obtaining relief from a default

judgment according to specified grounds. First, she contended she was improperly served with the summons and complaint. As explained in *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544 [114 Cal.Rptr.2d 399]: " '[A] default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void. [Citation.]' [Citation.] Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service. [Citations.]" (Accord, *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858 [92 Cal.Rptr.3d 717].) Where the question on appeal is whether the entry of default and the default judgment were void for lack of proper service of process, we review the trial court's determination de novo. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495–496 [52 Cal.Rptr.3d 862].)

Alternatively, appellant contended she was entitled to relief pursuant to section 473, subdivision (b), which states that a court "may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Appellant correctly observes that a trial court order denying relief under section 473, subdivision (b) is " 'scrutinized more carefully than an order permitting trial on the merits.' " (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1368 [118 Cal.Rptr.2d 71].) "Because the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].' " (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980 [35 Cal.Rptr.2d 669, 884 P.2d 126].) But that said, "[a] motion to vacate a default and set aside judgment (§ 473) 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' [Citations.] Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant. [Citation.]" (*Lint v. Chisholm* (1981) 121 Cal.App.3d 615, 619–620 [177 Cal.Rptr. 314]; accord, *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 118 [95 Cal.Rptr.2d 113] ["The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited. A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice."].)

In connection with our review, we note that it is the appellant's burden to furnish a record adequate for review. (See *Srithong v. Total Investment Co.* (1994) 23 Cal.App.4th 721, 725, fn. 3 [28 Cal.Rptr.2d 672] ["It was of course the duty of Srithong, as the appellant, to furnish an adequate record for review."]; accord, *Premier Medical Management Systems, Inc. v. California*

*Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 563 [77 Cal.Rptr.3d 695]; *In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498 [21 Cal.Rptr.3d 315].) Specifically, although the cornerstone of several of appellant's arguments involves what occurred at a November 19, 2007 hearing, appellant has not furnished a reporter's transcript of those proceedings. We must therefore presume that what occurred at that hearing supports the judgment. (E.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193] [" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "]; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [84 Cal.Rptr.2d 73] ["It is the burden of appellant to provide an accurate record on appeal to demonstrate error. Failure to do so precludes an adequate review and results in affirmance of the trial court's determination."].)

### A. *Substituted Service Was Properly Effected*

■ Appellant first contends that the default judgment is void because she was not properly served with the summons and complaint.[2] In proceeding with the default prove-up, the trial court rejected this argument and relied on the proof of service in the file. According to the proof of service, process server Villarreal served appellant by substituted service. "Section 415.20, subdivisions (a) and (b) authorize substitute service of process in lieu of personal delivery. Statutes governing substitute service shall be 'liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant . . . . [Citation.]' [Citation.]" (*Ellard v. Conway, supra,* 94 Cal.App.4th at p. 544.)

Applicable here, section 415.20, subdivision (b) provides: "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the

---

[2] We find puzzling the complete absence of any meaningful response to this argument in the respondents' brief. A handful of rhetorical statements does not suffice as argument on appeal.

place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing."

 The proof of service here satisfied these requirements. Villarreal attempted to personally serve appellant at the business address on her letterhead and reported by the California State Bar by appearing at that address on three separate occasions on three different days. (E.g., *Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392 [245 Cal.Rptr. 596] [" 'Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.' "].) The business address was not an office, but rather, a private post office box rental store. During the third attempt, Villarreal left the documents with the mail store clerk. He thereafter mailed the documents to the same address by first class, postage prepaid mail. These actions mirror those taken in *Ellard v. Conway, supra,* 94 Cal.App.4th 540. There, substituted service was held proper where the process server attempted to serve the defendants at their last known residence, discovered they had moved, learned from the United States Postal Service that their forwarding address was a private post office and ultimately left a copy of the summons and complaint with a private post office store manager and mailed the documents to the same place. (*Id.* at pp. 545–547.)

 Importantly, the *Ellard* court rejected the same arguments raised by appellant here.[3] Appellant contends that the mail store clerk was neither "apparently in charge" of the post office box store, nor "closely connected" to her. In concluding that service on the post office store manager was sufficient, the *Ellard* court commented: "True, section 415.20's comment states there must be a close connection. [Citation.] However, section 415.20, subdivision (b)'s Judicial Council comment states the summons and complaint 'must be left in the presence of a . . . person apparently in charge of [the] business.' [Citation.] The Postal Annex manager was such a person." (*Ellard v. Conway, supra,* 94 Cal.App.4th at p. 546, fn. 3.) Our reliance on *Ellard* is not affected by the fact that the mail store clerk served here may not have been a manager and declined to confirm or deny whether appellant rented a post office box at that location. As aptly stated in *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, 1393 [8 Cal.Rptr.2d 351], "a 'defendant will not be permitted to defeat service by rendering physical service impossible.' [Citation.] 'The evident purpose of Code of Civil Procedure section 415.20 is to

---

[3] We summarily dismiss appellant's argument that substituted service was improper because the documents were not mailed to her. In making this argument, appellant has relied on a redacted proof of service included in her appendix which has blacked out the portion of the document revealing the mailing. While we express no opinion as to whether the inclusion of this erroneous document was intentional or inadvertent, suffice to say that it has made us question appellant's candor in connection with the balance of her arguments.

permit service to be completed upon a good faith attempt at physical service on a *responsible person* . . . .' [Citation.] Service must be made upon a person whose 'relationship with the person to be served makes it more likely than not that they will deliver process to the named party.' [Citation.]" The purpose of section 415.20 was achieved by service on the clerk at the post office box store where appellant rented a post office box.

■ The *Ellard* court further rejected the argument that substituted service at a private post office box was improper. Relying on a federal case addressing the issue, the court reasoned: " 'Had the [L]egislature intended that service be effective only at mailing addresses other than *any* post office box, it would have omitted the descriptive language "United States Postal Service" preceding "post office box." ' [Citation.] We find this reasoning persuasive. The plain language of section 415.20, subdivision (b) authorizes substitute service at a defendant's usual mailing address, which includes a private/commercial post office box. [Citation.]" (*Ellard v. Conway, supra*, 94 Cal.App.4th at p. 546.) The court distinguished *Bonita Packing Co. v. O'Sullivan* (C.D.Cal. 1995) 165 F.R.D. 610, which held that substituted service at a private post office box was improper, because it did so on the ground that a better method could have been employed by serving the defendant's attorney in accordance with federal law. (*Ellard v. Conway, supra*, at p. 546.) Here, as in *Ellard*, there was no indication that a better method of service was available to plaintiffs.

*Ellard* did not address appellant's final challenge to the method of service. Although the proof of service submitted by Villarreal properly indicated that it was executed "under penalty of perjury under the laws of the State of California," the declaration of due diligence attached to the proof of service provided it was executed "under penalty of perjury under the laws of the State of Arizona." We agree with appellant that this declaration was not in compliance with the requirements of section 2015.5 which provides, in relevant part: "Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California."

Villarreal's declaration of due diligence neither indicated that it was executed in California nor provided that it was executed under penalty of perjury under the laws of the State of California. (See *Myzer v. Emark Corp.* (1996) 45 Cal.App.4th 884, 890, fn. 4 [53 Cal.Rptr.2d 60] [verification made under penalty of perjury under the laws of the State of Illinois did not comply with § 2015.5].) Nonetheless, we find the defect to be harmless under the circumstances presented here. (*People v. Flores* (1995) 37 Cal.App.4th 1566, 1574 [44 Cal.Rptr.2d 585] [noting that "courts have held procedural or technical errors [under § 2015.5] to be harmless"].) The declaration was attached to, expressly referenced in and filed with the proof of service, which was properly executed under penalty of perjury under the laws of the State of California. We are therefore guided by *Hicks v. Hicks* (1968) 264 Cal.App.2d 890, 893 [70 Cal.Rptr. 878], where the court deemed an unsigned declaration to be subscribed because it was attached to a subscribed motion. Moreover, plaintiffs' attorney submitted a properly subscribed declaration outlining the efforts that were made to personally serve appellant. (See *Hirschman v. Saxon* (1966) 246 Cal.App.2d 589, 593 [54 Cal.Rptr. 767] [no need to determine effect of undated declaration, a technical defect under § 2015.5, where the facts stated therein were cumulative of those attested to in another compliant declaration].) Accordingly, the defect in the declaration of due diligence did not prevent the trial court from finding that appellant was properly served by substituted service.

Alternatively, appellant contends that even if she was properly served by substituted service, personal service of the complaint on her at the November 19, 2007 hearing essentially nullified the prior service and extended her time to respond. We find neither factual nor legal support for her contention. Again, appellant's failure to include a reporter's transcript of the November 19, 2007 hearing has resulted in a record of that hearing comprised of conflicting declarations. Appellant declared that the trial court directed plaintiffs to serve her at the hearing, while plaintiffs' counsel averred that the trial court directed him to provide her with a courtesy copy of the complaint. The balance of the record supports plaintiffs' counsel's recitation of the events. The record shows that on November 20, 2007, plaintiffs filed a proof of personal service of the complaint only—not the summons. Further, at the default prove-up hearing, the trial court indicated that while it had directed counsel to provide appellant with a copy of the complaint, nothing had occurred at that hearing either to vacate the entry of default or to extend the time for appellant to respond.[4] Moreover, none of the trial court's statements

---

[4] The trial court's instruction to provide a courtesy copy effectively precluded appellant from moving to vacate the default pursuant to section 473.5, subdivision (a), which permits such a motion "[w]hen service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action . . . ."

at the default prove-up hearing supports appellant's notion that she made a general appearance at the November 19, 2007 hearing.

■ Appellant correctly cites *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441 [29 Cal.Rptr.2d 746] for the proposition "that the filing of a proof of service creates a rebuttable presumption that the service was proper." But that presumption applies to the proof of substituted service filed on August 29, 2007. Appellant has failed to demonstrate either that the method of service was improper or that subsequent events rendered service invalid. Accordingly, the trial court properly denied appellant's motion to vacate on the ground that she was not properly served.

B. *The Trial Court Properly Exercised Its Discretion in Denying the Motion to Vacate on the Ground of Mistake, Inadvertence, Surprise or Excusable Neglect*

■ Appellant also moved to vacate the default and default judgment pursuant to the discretionary portion of section 473, which provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) A party seeking relief under section 473 bears the burden of proof. (*In re Marriage of Kieturakis* (2006) 138 Cal.App.4th 56, 80 [41 Cal.Rptr.3d 119].)

Though appellant contends that relief was warranted under each separate ground outlined in section 473, subdivision (b), her claimed mistake, inadvertence, surprise and excusable neglect all rest on the same argument. She contends that she was under the impression she had been properly served at the November 19, 2007 hearing and thus believed she had additional time to respond before a default judgment would be entered on December 20, 2007. Again, the record fails to support this claim. There is no indication in the record that the trial court intended for the provision of a courtesy copy of the complaint to replace the valid substituted service, that it intended to vacate the default previously entered in September 2007 or that it ordered appellant to return for the December 20, 2007 default prove-up hearing. Nor did plaintiffs' counsel lead appellant to believe that plaintiffs did not intend to rely on the date of substituted service and seek a default judgment. Rather, via e-mail on September 19, 2007, plaintiffs' counsel indicated that valid service had been effectuated and plaintiffs had submitted a request to enter default. In a later e-mail on November 20, 2007, plaintiffs' counsel reiterated that substituted service had been properly effected and plaintiffs intended to proceed with a default prove-up on December 10, 2007. At that time, plaintiffs' counsel invited appellant to bring a motion to vacate entry of

default in order to avoid having a default judgment entered against her, writing: "If you intend to bring a motion to vacate the default, please let me know because perhaps we can arrive at some stipulation. It would be improper and not in the spirit of local Rule 9.17 to seek a default judgment while a motion to vacate is pending."

■ The trial court properly exercised its discretion in concluding that appellant's unsupported, subjective belief that she had not been served until November 19, 2007, failed to demonstrate that the default judgment was entered as result of mistake, inadvertence, surprise or excusable neglect. (See *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611–612 [109 Cal.Rptr.2d 256] ["There is nothing in section 473 to suggest it 'was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal.' "].) Mistake is not a ground for relief under section 473, subdivision (b), when "the court finds that the 'mistake' is simply the result of professional incompetence, general ignorance of the law, or unjustifiable negligence in discovering the law . . . ." (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 155, p. 749.) ■ Further, "[t]he term 'surprise,' as used in section 473, refers to ' "some condition or situation in which a party . . . is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against." ' [Citation.]" (*State Farm Fire & Casualty Co. v. Pietak, supra*, at p. 611.) ■ Finally, as for inadvertence or neglect, "[t]o warrant relief under section 473 a litigant's neglect must have been such as might have been the act of a reasonably prudent person under the same circumstances. The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief. [Citations.] It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied. [Citation.] Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. . . . The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded." (*Elms v. Elms* (1946) 72 Cal.App.2d 508, 513 [164 P.2d 936].)

According to the circumstances presented here, appellant had multiple opportunities to avoid the entry of the default judgment against her. Instead, she elected to do nothing. She neither filed a responsive pleading nor a motion to vacate entry of default—the latter of which was expressly recommended by plaintiffs' counsel to avoid entry of the default judgment. The trial

court could reasonably conclude that the default judgment was not the result of any mistake, inadvertence, surprise or excusable neglect on the part of appellant, but rather, was the consequence of appellant's failure to take reasonably prudent steps to avoid entry of judgment. The trial court did not abuse its discretion in denying the section 473 motion.

### C. *Appellant's Other Motions Were Properly Denied*

Appellant cursorily argues that the trial court should have granted other motions she brought in connection with the motion to vacate, including a motion for new trial pursuant to section 657 and a motion to set aside the judgment pursuant to section 663. Beyond referring to the arguments she made below, appellant makes no cognizable argument on appeal as to why the trial court abused its discretion in denying the motions.[5] (See *Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 693–694 [90 Cal.Rptr.3d 166] [denial of new trial motion reviewed for abuse of discretion, with the appellate court making an independent determination as to whether any error was prejudicial].) "[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness." (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649–650 [40 Cal.Rptr.3d 501].) As a result, on appeal "the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised. [Citation.]" (*Id.* at p. 649; see also *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [41 Cal.Rptr.3d 453] ["To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error."].) When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [79 Cal.Rptr.2d 273].) By failing to make any cognizable claim of error on appeal, appellant has waived any challenge to the denial of her motions under sections 657 and 663.

### II. *With the Exception of Attorney Fees, the Damages Awarded in the Default Judgment Were Proper*

Appellant's final contention is that the default judgment improperly awarded damages in the amount of $436,090 because that amount was not

---

[5] In any event, appellant's section 663 motion was procedurally infirm. That statute empowers a trial court to vacate its judgment and to " 'enter "another and different judgment." ' " (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1575 [85 Cal.Rptr.3d 174].) Because the relief appellant sought would not involve the entry of a different judgment but instead would allow her to file further pleadings, appellant stated no valid grounds for relief under section 663. (*Payne v. Rader, supra,* at p. 1575.)

sought in the complaint's prayer and because the complaint failed to allege a basis for liability. We find no error.

■ Addressing the second point first, the complaint alleged a single cause of action for legal malpractice. " 'Actionable legal malpractice is compounded of the same basic elements as other kinds of actionable negligence: duty, breach of duty, causation, and damage.' " (*Loube v. Loube* (1998) 64 Cal.App.4th 421, 429 [74 Cal.Rptr.2d 906].) To establish causation in a legal malpractice action, the plaintiff must show that but for some error on the part of the defendant attorney, the plaintiff would have obtained a more favorable result. (*Viner v. Sweet* (2003) 30 Cal.4th 1232, 1241 [135 Cal.Rptr.2d 629, 70 P.3d 1046].)

Plaintiffs' allegations satisfied these elements. They alleged that appellant had represented them as their attorney in the underlying action, that she negligently represented them through several acts and omissions in connection with that representation, that as a result of those acts and omissions the plaintiffs were unable to collect a judgment and set aside a fraudulent conveyance, and that they were damaged in the amount of the $245,000 uncollected judgment. With respect to causation, plaintiffs alleged: "But for the negligence of defendants, plaintiffs would have been able to set aside a fraudulent conveyance between Anthony Cardinale and Robert Gentino, obtain a judgment against Robert Gentino, and would have been able to collect a judgment in excess of $250,000. Further, but for the negligence of defendants, plaintiffs would have been able to set aside a fraudulent conveyance created by Robert Gentino that has prevented the plaintiffs from collecting on a $245,000 judgment obtained against Anthony Cardinale in Los Angeles County Superior Court case [No.] BC127890 entitled Hearn v. Cardinale. Said judgment was entered on September 18, 2000 and remains unsatisfied due to the negligence of the defendants." Contrary to appellant's general assertion, we find nothing lacking in the complaint's allegations.

■ We likewise find no merit to appellant's contention that the default judgment is void because the complaint failed to apprise her of the amount of damages being sought. Section 580, subdivision (a) states: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ." "The policy behind this statute is that a defendant is entitled to be informed of the maximum liability which he will face if he chooses to default. [Citations.] ' "If a judgment other than that which is demanded is taken against him, [the defendant] has been deprived of his day in court—a right to a hearing on the matter adjudicated." ' [Citation.]" (*National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417 [214 Cal.Rptr. 113].) Thus, entry of a default judgment exceeding the allegations of the complaint is beyond the court's jurisdiction. (*Becker v. S.P.V.*

*Construction Co.* (1980) 27 Cal.3d 489, 494–495 [165 Cal.Rptr. 825, 612 P.2d 915]; *Burtnett v. King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657].)

■ Appellant contends that plaintiffs failed to specify the amount of damages sought in their prayer for relief, which sought a "judgment for damages sustained by plaintiffs according to proof . . . ." Addressing the type of notice which a complaint must provide under section 580 before a default judgment may be entered, our Supreme Court has explained: "The notice requirement of section 580 was designed to insure fundamental fairness. Surely, this would be undermined if the door were opened to speculation, no matter how reasonable it might appear in a particular case, that a prayer for damages according to proof provided adequate notice of a defaulting defendant's potential liability. If no specific amount of damages is demanded, the prayer cannot insure adequate notice of the demands made upon the defendant. [Citation.] Consequently, a prayer for damages according to proof passes muster under section 580 only if a specific amount of damages is alleged in the body of the complaint. [Citation.]" (*Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at p. 494, fn. omitted; accord, *Greenup v. Rodman* (1986) 42 Cal.3d 822, 829 [231 Cal.Rptr. 220, 726 P.2d 1295] ["In *Becker* . . . we specifically held that the allegations of a complaint may cure a defective prayer for damages."]; *National Diversified Services, Inc. v. Bernstein, supra,* 168 Cal.App.3d at pp. 417–418 ["a defendant must be notified by the prayer [citation] or allegations in the body of the complaint of the damages sought"].)

Here, the complaint adequately notified appellant that the amount of damages sought was $245,000—the amount of uncollected judgment. The complaint alleged by way of background that "a judgment was entered for $245,000 including punitive damages in favor of plaintiffs and against Anthony Cardinale . . . . The judgment remains unsatisfied." According to the complaint's further allegations quoted earlier, appellant's negligence prevented plaintiffs from collecting the $245,000 unsatisfied judgment. Because the body of the complaint alleged the specific amount of damages being sought, plaintiffs were not required to reiterate that sum in order to comply with section 580. The default judgment properly awarded plaintiffs $245,000, plus statutory interest. Nonetheless, as plaintiffs concede, because neither the body of the complaint nor the prayer for relief identified the amount of attorney fees being sought as $15,000, that amount must be stricken from the judgment. (See *Greenup v. Rodman, supra,* 42 Cal.3d at p. 830 [default judgment's compensatory award properly reduced to jurisdictional amount].)

## DISPOSITION

The judgment is affirmed as modified, striking $15,000 in attorney fees from the damages award. In view of the unhelpful nature of the respondents' brief, the parties are to bear their own costs on appeal.

Ashmann-Gerst, J., and Chavez, J., concurred.