Filed 2/29/24  Samuel v. L.A. County Metropolitan Transportation Auth. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| MARLIN D. SAMUEL, | B324906 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 21STCV23881 |
| LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Affirmed.

Marlin D. Samuel, in pro. per., for Plaintiff and Appellant.

Gutierrez, Preciado & House and Calvin House for Defendant and Respondent.

_____

Bus operator Marlin D. Samuel sued his employer, the Los Angeles County Metropolitan Transportation Authority (the Authority) for breach of contract. Samuel says the Authority entered a contract with him when, during a disciplinary hearing against him, he made an unintelligible statement and the hearing officer responded, "Okay. Noted. Anything else?" As a matter of law there was no breach of contract, for there was no contract. Samuel makes other unavailing arguments. The trial court properly granted judgment on the pleadings and denied his request to amend the complaint. We affirm.

We outline the facts and turn to Samuel's arguments.

The Authority held a disciplinary hearing about Samuel's alleged use of a cell phone while driving a bus. The hearing lasted about 40 minutes and 20 transcript pages. Samuel's union representative challenged the Authority's video evidence. Samuel then said he "just ha[d] a couple of questions" for the hearing officer. For about six transcript pages, Samuel asked questions and made statements about the Authority's disciplinary procedures. For example, he said the Authority should have given him more notice before it put him on administrative leave and the hearing officer said, "Okay. It's noted."

Then Samuel and the hearing officer had an exchange Samuel says created a contract. Samuel read two sentences of his union contract and said to the hearing officer, "So any unacknowledgement of the contract would be a willful breach of contract. And if it's a willful breach of contract knowing the rules and regulations set forth, then you subjugate yourself to state and federal penalties and fines outside the contractual agreement

between [the Authority] and [the] Union.  And that's my conclusion."

The hearing officer said, "Okay.  Noted.  Anything else?  Do you want to review the video?"

They went on to watch and discuss a video that showed Samuel talking aloud while driving.  Then they discussed reporter fees and the hearing ended.

The Authority suspended Samuel for 30 days.

Samuel sued the Authority.  His complaint had one cause of action:  breach of contract.  The complaint summarized the alleged contractual exchange we quoted above and said the Authority "[a]ccepted.  And [n]ow [h]as [d]efaulted."  Samuel attached a transcript of the disciplinary hearing and several other exhibits to the complaint.

On August 16, 2022, the Authority moved for judgment on the pleadings.  It mailed the motion to Samuel's old address.  It also emailed the motion to Samuel, who saw this email on August 23, 2022.

Samuel filed an opposition on August 29, 2022.  In one paragraph at the end of the opposition, he requested leave to amend.  The Authority filed a reply on September 7, 2022.  Samuel filed a "Response" to the reply the same day.

The trial court heard the motion on September 12, 2022.  Samuel proceeded without a reporter.  In its ruling, the court explained that it asked Samuel whether the notice issue prejudiced him and whether he needed a continuance and Samuel "acknowledged that although he felt rushed to respond, there was no additional evidence or argument that he would present."

The trial court granted the motion for judgment on the pleadings and denied leave to amend. The court entered judgment on September 19, 2022. Samuel's notice of appeal says he appeals this September 19, 2022 judgment.

We independently review a judgment on the pleadings. (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.) We review denial of leave to amend after a judgment on the pleadings for abuse of discretion. (*Environmental Health Advocates, Inc. v. Sream, Inc.* (2022) 83 Cal.App.5th 721, 729.)

We begin by emphasizing several principles of appellate review. We presume judgments are correct and it is the appellant's burden to prove error. (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.) Appellate briefs must support points by argument. (Cal. Rules of Court, rule 8.204(a)(1)(B).) And briefs must support references to matters in the record by citing the volume and page number of the record. (*Id.* at subd. (a)(1)(C).) We may disregard unsupported or conclusory legal arguments and we may disregard factual contentions that are not supported by citations to the record. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Samuel's briefing is deficient and we disregard his unsupported factual assertions. His opening brief is devoid of citations to the appellate record. His reply brief sometimes directs us to pages within trial court motions and exhibits or to the "Notice of record on appeal" without a page number. These are not citations to volumes and page numbers of the appellate record. We disregard Samuel's unsupported factual assertions.

Turning to Samuel's appellate arguments, the trial court correctly granted judgment on the pleadings because there was

4

no contract.  Judgment on the pleadings is proper if the complaint does not state facts sufficient to constitute a cause of action.  (Code Civ. Proc., §438, subd. (c).)  Where material facts are certain or undisputed, the existence of a contract is a question of law.  (*Bustamante v. Intuit, Inc.* (2006) 141 Cal.App.4th 199, 208.)  Samuel submitted the transcript of the disciplinary hearing with his complaint and relied on it for the facts of the alleged contract formation.  We use this certain and undisputed source to answer the legal issue in this case.

Contracts require mutual assent, which is absent here.  (*Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 270 (*Donovan*); Civ. Code, §§ 1550, 1565.)  Contracting typically consists of the familiar steps of offer and acceptance.  (*Donovan*, at p. 271.)  A party's objective manifestation controls.  (*Ibid.*)  Objectively, Samuel's statement about "unacknowledgement" of another contract that ended with, "And that's my conclusion," gave no reason to believe this was an offer.  Nor did the hearing officer's attempt to move things along by saying, "Okay.  Noted.  Anything else?" give reason to believe the hearing officer was accepting anything.  There was no mutual assent.  Judgment on the pleadings was proper.

The trial court did not abuse its discretion by denying leave to amend.  Samuel has the burden to demonstrate a reasonable possibility he could cure his complaint's defects by amending it.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  His appellate briefing focuses on whether amendment would prejudice the Authority.  This is irrelevant to whether he has a reasonable possibility of curing the complaint's defects by amending it.  The end of Samuel's opening brief seemingly quotes (without quotation marks) several statutes and lists elements of

intentional infliction of emotional distress.  This portion of the brief has a paragraph of facts that we disregard because there are no record citations.  Samuel does not explain the connection between the laws he lists and his brief or his case.  He has not proven the court abused its discretion by denying leave to amend.

There is no prejudicial notice issue.  Unless a defect in the proceedings is prejudicial, it does not constitute reversible error. (Code Civ. Proc., § 475; *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1289 [applying rule to issue of defective notice] (*Reedy*).) The appellant has the burden to demonstrate prejudice.  (*Reedy*, at p. 1289.)  Samuel says the Authority violated notice procedures, but he fails to explain how this prejudiced him.  He received actual notice of the motion weeks before the hearing and responded with not one, but two written filings.  According to the trial court's ruling, Samuel said there was no additional evidence or argument he would present.  Samuel quibbles with the trial court's account of the hearing and says the court "briefly interrupted" him when he was "explaining that procedurally [the Authority] failed to give proper notice."  Because he has not provided a reporter's transcript, we presume what happened at the hearing supports the judgment.  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201.)  Samuel has not demonstrated prejudice.

Samuel complains the Authority did not follow meet and confer requirements, but he does not explain the effect of this. An insufficient meet and confer process is not grounds to deny a motion for judgment on the pleadings.  (Code Civ. Proc., § 439, subd. (a)(4).)  Samuel does not explain how the meet and confer issue prejudiced him.  This argument fails.

6

Despite his complaint having only one cause of action, Samuel's reply brief claims he had seven causes of action. We do not address this or any other new argument Samuel failed to present in his opening brief. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.)

This appeal is not about a reconsideration ruling that postdates Samuel's notice of appeal. Samuel has included in the appellate record dozens of pages related to his motion for reconsideration, which the trial court denied on December 21, 2022. Before that, on November 16, 2022, Samuel filed the notice of appeal in this case. Samuel's notice of appeal therefore did not encompass the ruling on the motion for reconsideration, nor did he include the relevant ruling in the appellate record. This opinion does not and cannot address this ruling.

We grant the Authority's August 7, 2023 request for judicial notice of excerpts of the Authority's administrative code and ordinances. The trial court properly noticed these excerpts, so we notice them as well. (Evid. Code, § 459.)

DISPOSITION

The judgment is affirmed. We award costs to the Los Angeles County Metropolitan Transportation Authority.


WILEY, J.


We concur:



STRATTON, P. J.                VIRAMONTES, J.


7