Filed 11/6/25

**CERTIFIED FOR PUBLICATIION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CHINESE THEATER, LLC, | B333047 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCV30249) |
| v. | |
| STARLINE TOURS USA, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael C. Small, Judge.  Reversed and remanded with directions.

Lex Opus, Mohammed K. Ghods, Sandra J. Vivonia, and Lori L. Speak for Defendant and Appellant.

The Tym Firm and Ronald D. Tym for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiff and respondent Chinese Theater, LLC (Chinese Theater) obtained a default judgment against defendant and appellant Starline Tours USA, Inc. (Starline) for $232,670.36. Starline moved to quash service and to vacate the default judgment on the grounds the judgment was void due to improper service of process. Starline appeals from the trial court's order denying its motion, contending the trial court erred in denying it relief because Chinese Theater failed to effectuate substituted service in accordance with Code of Civil Procedure section 415.20.[1]

We conclude the entry of default and entry of a default judgment are void due to improper service of process on Starline. There was insufficient evidence the attempted substituted service was properly effectuated on a person apparently in charge of Starline's business office. We therefore reverse the trial court's order denying Starline's motion, vacate the entry of default and vacate the default judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Chinese Theater brought this action against Starline in August of 2020, alleging breach of a sublease and seeking damages in excess of $225,000.

Cruz M. Gonzalez, a registered process server, attempted to personally serve the summons and complaint on Starline on behalf of Chinese Theater. According to his declaration of reasonable diligence, Gonzalez first attempted to serve Starline, a corporate entity, on August 20, 2020, at 10:58 a.m., but he determined the business address of 2715 S. Tubeway Avenue in

---

[1] All further undesignated section references are to the Code of Civil Procedure.

2

the city of Commerce was not accurate and that the correct address was 2130 S. Tubeway Avenue. He does not explain how he determined the initial address was incorrect. Gonzalez went to the 2130 S. Tubeway address at 3:00 p.m. on August 26, 2020, but was unable to gain access due to a locked gate. Gonzalez returned the next day at 2:17 p.m., and "Sub-Served on person in charge Roberto Molina." The declaration of due diligence prepared by Gonzalez identifies Starline as the corporate defendant, but does not identify any corporate officer or agent listed in section 416.10 as the individual on whom he attempted service.

Margarita Abeshyan, another registered process server who worked for the same entity as Gonzalez, signed a declaration of service by mail attesting to serving Starline with another copy of the summons and complaint by mail on August 31, 2020. They were addressed to Kamrouz Farhadi, president of Starline, 2130 S. Tubeway Avenue, Commerce, California 90040.

On December 10, 2020, Chinese Theater filed proof of service of summons on Starline with the court. The proof of service declaration was signed by Gonzalez and attests to substituted service on Starline's president, Kamrouz Farhadi, at the 2130 S. Tubeway Avenue address. Paragraph 5b is checked, stating service was made on August 27, 2020, at 2:17 p.m. on "Roberto Molina (Gender: M Age: 55 Height: 5'3" Weight: 180 Race: Hispanic Hair: gray Other:) Person in Charge)." The box at subparagraph (b)(1) for substituted service on a business is also checked which states service was made on "a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers."

Starline did not make an appearance in the action, and the clerk entered default at Chinese Theater's request on July 13, 2021. Chinese Theater submitted paperwork in support of entry of a default judgment. Default judgment was entered by the court on August 25, 2021, in favor of Chinese Theater for $232,670.36.

Over a year later, on January 9, 2023, Starline filed a motion to quash service. It also sought to vacate both the entry of default and the default judgment.

The motion included a declaration from Kamrouz Farhadi, identified as the chief executive officer of Starline. Farhadi attested to the following facts: Roberto Molina was not a person in charge of Starline's offices and was not an employee, officer or director of Starline. Rather, he was a bus washer employed by a related entity called Screamline Investment Corporation. Molina also does not speak fluent English, and he was not an agent authorized to accept service on behalf of Starline. Farhadi further stated: "I understand that a default judgment has been obtained by Plaintiff in this action based on the improper service on Mr. Molina." Farhadi does not expressly deny receiving the summons and complaint left with Molina or the duplicate copies served by mail. There is nothing in the record demonstrating how Farhadi became aware of the action and the default judgment, although ex parte papers included in Starline's appellate appendix reference service of papers on Farhadi for a judgment debtor examination, after which the motion to vacate was filed.

In support of its opposition, Chinese Theater submitted a declaration from Gonzalez. He attested to working as a process server for 27 years. He reviewed the service declarations he

4

signed over a year earlier, but explained that due to the number of service assignments he handles, he did not have "a specific recollection" of the service on Starline in August 2020. As such, he was unable to elaborate with any additional facts about leaving the papers with Molina. Gonzalez stated however that he would not sign a declaration of service or any proof of service documents under penalty of perjury "unless I knew the statements therein to be true at the time I signed the documents."

In addition, Gonzales explained his "standard procedure for substituted service" at a business was to "determine through observation the person who appears to be in charge" at the location, "confirm with that person" that they work for the business, and hand the service documents to them with an explanation of "the general nature" of the documents. Gonzalez said he was fluent in Spanish and therefore, if the person being served was Spanish-speaking, he would talk to them in Spanish. He stated he had no reason to believe he deviated from his standard practice when he effectuated substituted service on Starline.

Chinese Theater also submitted copies of a Starline filing with the California Secretary of State from February 2016 identifying Kamrouz Farhadi as the chief executive officer of Starline, and listing 2715 S. Tubeway Avenue, Commerce, California 90040 as his principal office location. Farhadi is listed on the document as both an officer and a director, and the 2715 and 2130 South Tubeway Avenue addresses are both listed in different sections of the form after his name. An individual named Shoeleh Sapir is identified as the agent for service of process for Starline at the 2130 Tubeway Avenue address.

5

A second filing with the Secretary of State's office was also attached for a second corporate entity, called Screamline Investment Corporation. That form lists Farhadi as its chief executive officer and 2130 South Tubeway Avenue in Commerce as its principal business address.

After entertaining argument from the parties and taking the motion under submission, the court issued a written order denying the motion on August 23, 2023. The trial court found that substituted service was valid, and therefore there was no basis for vacating the default judgment.

This appeal followed.

## DISCUSSION

The issue before us is narrow. The facts are minimal and undisputed. Service of the summons and complaint on Starline, a corporate entity, was made by personally delivering copies to Molina, an employee of a related business entity that operated from the same principal place of business as Starline, followed by sending duplicate copies via regular mail to Farhadi, the chief executive officer of Starline. We decide whether this constituted valid substituted service on a corporate entity under section 415.20. The answer to that question turns on whether Molina is properly deemed to be an individual "apparently in charge" of Farhadi's principal place of business within the meaning of section 415.20. Based on the record before us, we conclude Molina was not apparently in charge.

## 1. Standard of review

"Whether a judgment is void due to improper service is a question of law that we review de novo." (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858; accord, *Giorgio v. Synergy Management Group* (2014) 231 Cal.App.4th 241, 247;

6

*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200 (*Hearn*).) Moreover, we defer to the trial court's factual findings if they are supported by substantial evidence. (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230.) But, issues of statutory interpretation and questions about whether a default judgment complies with constitutional and statutory requirements are questions upon which we exercise independent review. (See *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387 (*American Express*); *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828.)

**2.     Substitute service on a corporate entity**

Our Supreme Court recently observed that " ' "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." [Citation.] Failure to give notice violates "the most rudimentary demands of due process of law." ' " (*California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 214 (*California Capital*), quoting *Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 84.) "California courts have held that 'compliance with the statutory procedures for service of process is essential to establish personal jurisdiction. . . . Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.' " (*California Capital*, at p. 214.)

Substituted service is a valid, statutorily-authorized alternative method of effectuating service of process under California law. (See, e.g., § 415.20.) As relevant here, section 415.20, subdivision (a), provides that in lieu of personal

7

service on a corporate officer or authorized agent listed in section 416.10, "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." (§ 415.20, subd. (a).)

The Judicial Council Comment to section 415.20 states that when substituted service is made on a corporate entity in this fashion, the "papers must be delivered to a person who is apparently in charge of such office, such as the personal secretary of the person to be served, and such delivery must be made during the usual office hours. . . . [¶] The process server must set forth in his affidavit of service facts showing that these requirements were complied with." (Jud. Council of Cal., com., foll. § 415.20.)

In addition, section 417.10, subdivision (a) provides, in relevant part, that where substituted service was effectuated under section 415.20, the affidavit attesting to such service must state "the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served." (§ 417.10, subd. (a).)

The Judicial Council Comment for section 417.10 reiterates the requirements for an affidavit attesting to substituted service, explaining that it "must state or show, in addition to the time, place, and manner of service, etc., that: (1) the place of delivery

8

is the office of a person who may be served under those sections, and the name and title or representative capacity, if any, of such person, (2) the time of delivery was during usual office hours, (3) the name and title, if any, of the person to whom the papers were delivered, and that he had been determined by the process server to be the person apparently in charge of such office, and (4) the date a copy of the papers was thereafter mailed (by first–class mail, postage prepaid) to the person to be served at the place of delivery." (Jud. Council of Cal., com., foll. § 417.10.)

### 3. Analysis

We must define the phrase "apparently in charge" in section 415.20, subdivision (a), to evaluate what is required for effective substituted service.

The rules of statutory interpretation are well-settled. "[T]he language used in a statute or constitutional provision should be given its ordinary meaning, and '[i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' [Citation.] To that end, we generally must 'accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose,' and have warned that '[a] construction making some words surplusage is to be avoided.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 357 (*Valencia*).) Moreover, " ' "[i]n interpreting statutory language, a court must not 'insert what has been omitted, or . . . omit what has been inserted.' " ' " (*California Capital*, *supra*, 17 Cal.5th at p. 221.)

Chinese Theater contends Starline is asking for the phrase to be read as requiring service only the person "actually" in charge of the office. Starline denies that is its argument, and we would reject it if it was.

9

Courts that have considered the "apparently in charge" language, as well as the related phrase "competent member of the household" in section 415.20, have all concluded that, in order to satisfy the statutory requirement, the person subserved at either a business location or a residence must have some reasonable connection to the individual to be served or hold some sort of close relationship to that individual that ensures the likelihood the documents will be passed on to the intended recipient.

For instance, in *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, the process server had attempted service multiple times at the defendants' residence. "Each time, the process server was denied access to the area by the gate guard stationed at the community's entrance." (*Id.* at pp. 1390–1391.) The process server ultimately left the papers with the gate guard, followed by mail service to the residential address. (*Ibid*.) In affirming the trial court's ruling this constituted valid substituted service under section 415.20, subdivision (b), *Bein* explained,"[t]he gate guard in this case must be considered a competent member of the household and the person apparently in charge. [The defendants] authorized the guard to control access to them and their residence. We therefore assume the relationship between [the defendants] and the guard ensures delivery of process." (*Id.* at p. 1393, fn. omitted.) *Bein* elaborated, saying that in order for substituted service to be effective, "[s]ervice must be made upon a person whose 'relationship with the person to be served makes it more likely than not that they will deliver process to the named party.' [Citation.] Here, the gate guard's relationship with [the defendants] made it more likely than not that he would deliver process to [them]." (*Id.* at pp. 1393–1394.)

Similarly, in *Hearn, supra*, 177 Cal.App.4th 1193, a process server unsuccessfully attempted personal service at the business address listed on the defendant's letterhead. (*Id*. at p. 1202.) "The business address was not an office, but rather, a private post office box rental store. During the third attempt, [the process server] left the documents with the mail store clerk. He thereafter mailed the documents to the same address by first class, postage prepaid mail." (*Ibid*.)

In upholding the validity of the substituted service there, *Hearn* relied on the analysis in *Ellard v. Conway* (2001) 94 Cal.App.4th 540, which held that a postal store manager was a person "apparently in charge" for purposes of section 415.20. (*Hearn, supra*, 177 Cal.App.4th at pp. 1202–1203, relying on *Ellard*, at p. 546.) Indeed, *Ellard* explained "[t]he Postal Annex manager knew the [defendants] and told the process server they received mail there. The process server left a copy of the summons and complaint with the manager and described the contents of the documents. It was the Postal Annex manager's duty to deliver mail to the [defendants] as lessees of the post office box. Under these circumstances, it was more likely than not the manager would deliver the summons and complaint as well." (*Ellard*, at p. 547.)

Certainly an argument, with some superficial appeal, could be made that any employee of a corporate entity handed copies of a summons and complaint related to their employer may be likely to deliver those documents to the intended recipient. But, if the Legislature intended that construction, there would have been no purpose of including the "apparently in charge" of the office language. We are not inclined to interpret the statute in a

11

manner that renders the phrase meaningless. (*Valencia, supra,* 3 Cal.5th at p. 357.)

Such a construction also disregards the example provided in the Judicial Council Comment to section 415.20 of the type of person to be subserved, namely "the personal secretary of the person to be served." The Judicial Council Comment to section 417.10 also explains that the "name and title or representative capacity" of such person should be included. This fact is also reflected on the proof of service of summons form signed by Gonzalez. Paragraph 5b requests the "name and title or relationship" to the person to be served upon whom the documents were given. Further, the process server "must" set forth in his affidavit the facts showing compliance with these requirements. (Jud. Council of Cal., com., foll. § 415.20.)

We conclude the phrase "apparently in charge" cannot reasonably be read to validate service on any employee found at a business location. There must be some indication warranting a finding the employee is someone "apparently in charge" and reasonably likely to deliver the service documents to the intended recipient and the service declarations should reflect some basic facts upon which the finding was made. There is no substantial evidence here supporting a finding Molina was such a person.

Gonzalez did file a proof of service of summons form, the filing of which created a rebuttable presumption that service was proper. (*Hearn, supra,* 177 Cal.App.4th at p. 1205; Evid. Code, § 647 [the return of a registered "process server . . . establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return"].)

But the presumption is only one affecting the burden of producing evidence. "A rebuttable presumption affecting the

12

burden of producing evidence 'is merely a preliminary assumption in the absence of contrary evidence.' " (*Farr v. County of Nevada* (2010) 187 Cal.App.4th 669, 681.) Evidence Code section 604 states that a presumption affecting the burden of producing evidence requires "the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." The process server's return may be impeached by contradictory evidence. (*American Express*, *supra*, 199 Cal.App.4th at p. 390 [although return showed personal service on the defendant, return was discredited by evidence it inaccurately described the defendant's race and hair color].)

Starline offered contrary evidence that undermined the declaration that Molina was a person apparently in charge of Farhadi's business office. Farhadi said Molina was not employed by Starline, but by a related entity, and he was employed as a bus washer—not someone who worked in the office or would reasonably have a relationship with Farhadi.

Chinese Theater was unable to produce any additional evidence that warranted a finding that a bus washer employed by a separate but related entity operating from the same business address was reasonably deemed to be "apparently in charge" of Farhadi's business office within the meaning of section 415.20. While Gonzalez filled in the space on the form with a physical description of Molina, he simply stated "Person in Charge" without any facts about where Molina was encountered on the property, what his job title or relationship to Farhadi was, or any other fact warranting his conclusion that Molina was apparently

13

in charge of that location.  Gonzalez failed to set forth facts showing that the requirements of the statute were complied with. (§§ 415.20, 417.10.)  We conclude this attempt at substituted service did not comport with either the letter or spirt of section 415.20.  Indulging all reasonable inferences in favor of the trial court's factual findings, the evidence is nevertheless insufficient to support a conclusion that Molina was apparently in charge of Farhadi's business office as required by section 415.20.

That Farhadi failed to deny he received the duplicate service copies sent to his address by mail, does not change the analysis.  Even assuming proper followup mail service was provided, a proper substituted service must precede mail service under section 415.20 and the record demonstrates this did not occur.

Chinese Theater places too much emphasis on the fact that the statutes governing service of process " 'shall be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant . . . ." ' " (*Hearn, supra*, 177 Cal.App.4th at p. 1201.)  The rule applies only if there is evidence that actual notice was received by the defendant and there has been "substantial compliance with the relevant statutory requisites for service." (*Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1165.)  As we already explained, we conclude there was no substantial compliance with section 415.20.

Because service of process was not properly effectuated here, Starline was entitled to seek an order vacating the default as void.  (§ 473, subd. (d) ["The court may, upon motion of the injured party . . .  set aside any void judgment or order"]; see also *California Capital, supra*, 17 Cal.5th at p. 212.)  " '[B]ecause the

14

law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default.' " (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 371–372.)  Starline's motion should have been granted.

## DISPOSITION

The entry of default on July 13, 2021, and entry of default judgment on August 25, 2021, against defendant and appellant Starline are vacated.  The order denying Starline's motion to quash service and vacate judgment is reversed.  On remand, the superior court is directed to enter a new order granting Starline's motion and setting a reasonable time within which Starline must respond to the complaint.

Starline shall recover costs of appeal.


VIRAMONTES, J.


WE CONCUR:


WILEY, Acting P. J.


UZCATEGUI, J.[*]

---

[*]    Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15