Filed 3/28/14  USA Tire Marketing v. Guo CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| USA TIRE MARKETING, INC., | B245020 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. KC059903) |
| EMILY GUO et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  R. Bruce Minto, Judge.  Reversed with directions.

Palmieri, Tyler, Wiener, Wilhelm & Waldron, Scott R. Carpenter and Joshua J. Marx for Defendants and Appellants.

Alan D. Wilner, Elkanah J. Burns for Plaintiff and Respondent.

_____

Emily Guo and Abraham Hengyucius appeal following the denial of their motion to vacate entry of a default judgment entered against them in a lawsuit filed by USA Tire Marketing, Inc. (USA Tire). Appellants contend the default judgment was void under Code of Civil Procedure section 473, subdivision (d)[1] because they were improperly served with the summons and complaint. We agree and reverse.

**Statement of Facts**

### 1. Complaint

On October 28, 2010, USA Tire filed a verified complaint against Guo and Hengyucius, alleging causes of action for breach of contract, breach of implied warranty, negligent misrepresentation, and fraud. The complaint alleged American Seashores International, Inc., aka American Tire Corporation (American), a California corporation run by appellants, breached its contracts with USA Tire by selling defective tires. USA Tire sought to pierce the corporate veil to impose personal liability on appellants as alter egos of the corporation.

### 2. Attempts at Service

On October 27, 2010, USA Tire attempted to serve Hengyucius by mail at American's then-current address on file with the California Secretary of State at 15421 E. Gale Avenue in City of Industry, California, and at a post office box in El Monte, California. Hengyucius did not respond. In November 2011, USA Tire unsuccessfully attempted personal service on Hengyucius three times at an office located at 13872 Magnolia Avenue in Chino, California. A week later, USA Tire left the summons and complaint with a person apparently in charge at the Magnolia Avenue office and mailed copies to Hengyucius at the same address. Hengyucius did not answer the complaint.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

On October 27, 2010, USA Tire attempted to serve Guo by mail at the Gale Avenue address[2] and at an address in Chino, California. Guo did not respond. In November 2010, USA Tire attempted personal service on Guo at the Gale Avenue address, but the address was a U.S. post office box where service could not legally be effected. (See § 415.20, subd. (b) [substitute service may not be effected at a United States Postal Service post office box].) USA Tire's attorney requested box holder information from the U.S. Postal Service for the Gale Avenue address, and thereby learned the address American had listed on its box holder application. USA Tire attempted service at that address, but was unsuccessful because American's office was no longer located there.

On December 23, 2011, USA Tire filed an application in the trial court for service by publication. The trial court denied the application without prejudice and ordered USA Tire to conduct a skip trace and attempt service on Guo at addresses identified in an asset search.

USA Tire hired an attorney service to conduct a skip trace, but the service could not obtain any current address for Guo from the Los Angeles County Assessor's Office for Real Property and Personal Property, the online yellow or white pages, or other public searches. USA Tire ordered an asset search on Guo and unsuccessfully attempted personal service at all California addresses it discovered as a result. USA Tire also mailed copies of the summons and complaint to Guo at two addresses in the State of Washington identified in the asset search. The first was returned unclaimed, and the second was returned because the address provided was incomplete.

On March 3, 2011, USA Tire filed another application for service by publication, indicating Guo's residence was unknown, mail to her known addresses had been returned, and her business address was a U.S. post office box where service could not be effected. The trial court entered an order for service by publication in the Inland Valley

---

[2] The California Secretary of State listed Guo as American's agent for service of process at this address.

News in Pomona, California, and publication was effected in June 2011. Guo did not answer the complaint.

### 3. Entry of Default

On February 28, 2011, pursuant to USA Tire's request, the trial court entered Hengyucius's default on the complaint. USA Tire mailed notice of the default to Hengyucius at the Magnolia Avenue address in Chino and to an attorney who had represented American in a prior California lawsuit. On July 27, 2011, pursuant to USA Tire's request, the trial court also entered Guo's default on the complaint.

USA Tire then filed a request for entry of a default judgment, seeking damages of $1,514,243.67 plus $438,092.16 in prejudgment interest and $813.50 in costs, for a total of $1,953,149.33. On September 15, 2011, the trial court entered a default judgment against appellants in the amount requested.

### 4. Motion to Vacate the Defaults and Default Judgment

On August 20, 2012, appellants moved to vacate the defaults and default judgment pursuant to sections 473 and 473.5, contending the judgment was void because service was ineffective and they lacked actual notice of the action.[3] The motion was supported by declarations by appellants and an attorney representing them in an unrelated matter in Washington. Hengyucius declared he had moved to Washington in July 2008, and was not aware of the action until May 2012, when appellants' Washington attorney informed him of the default judgment. Guo declared American had operated in California until July 2009, when it shut down all business operations. The company had leased space at the Magnolia Avenue address only from July 2006 until July 2009. Guo declared she permanently moved to Washington in July 2009, was never served with a copy of the summons or complaint, and was not aware of the action until May 2012, when appellants' Washington attorney informed her of the default judgment. Appellants' Washington attorney declared that although USA Tire contacted him in 2010 regarding

---

[3] The trial court found the motion was timely, and that determination is not at issue on appeal.

4

its intention to record a prior judgment against American in Washington,[4] it never inquired about how to locate appellants.

In opposition to the motion to vacate, USA Tire contended appellants deliberately avoided service. USA Tire argued service on Hengyucius at the Magnolia Avenue address was proper because that was the address on file with the California Secretary of State, and service by publication on Guo in California was proper because she was still listed as American's agent for service of process at a California address.

On October 10, 2012, the trial court denied appellants' motion, finding USA Tire acted with reasonable diligence in attempting to serve them. Appellants timely appealed.

**Discussion**

**1.      Grounds for Reversal under Section 473, Subdivision (d)**

Appellants argue the default judgment is void because they were not properly served with the summons and complaint. We agree.

"'[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction. [Citation.] Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void. [Citation.]' [Citation.] Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service." (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.) "Where the question on appeal is whether the entry of default and the default judgment were void for lack of proper service of process, we review the trial court's determination de novo." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200.)

"Personal service remains the method of choice under the statutes and the constitution. [Citations.] When substituted or constructive service is attempted, strict

---

[4] USA Tire previously obtained a default judgment against American for $1,514,243.67 in a lawsuit arising out of the same sale of allegedly defective tires. American filed a motion to set aside the default judgment, which the trial court denied, finding American had notice of the action. This court affirmed on August 26, 2010. (*USA Tire Marketing, Inc. v. American Seashores International, Inc.* (Aug. 26, 2010) B216135, 2010 WL 3341820.)

5

compliance with the letter and spirit of the statutes is required." (*Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 41; but see *Hearn v. Howard, supra,* 177 Cal.App.4th at p. 1201 [when a defendant received actual notice of the action, "'[s]tatutes governing substitute service shall be "liberally construed to effectuate service and uphold jurisdiction . . . ."'"].) "'To be constitutionally sound the form of substituted service must be "reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard . . . [in order that] the traditional notions of fair play and substantial justice implicit in due process are satisfied." [Citations.]'" (*Bein v. Brechtel-Jochim Group., Inc.* (1992) 6 Cal.App.4th 1387, 1392-1393.)

**2.      Substitute Service on Hengyucius was Improper**

Appellants contend substitute service on Hengyucius was improper because USA Tire failed to comply with section 415.20, which authorizes substitute service. Section 415.20 provides that "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . ." (§ 415.20, subd. (b).) "Ordinarily . . . two or three attempts at personal service at a *proper* place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." (*Ellard v. Conway, supra,* 94 Cal.App.4th at p. 545.)

American leased space and operated at the Magnolia Avenue address only until July 2009. By October 2010, when USA Tire filed its complaint, American had ceased all operations in California and Hengyucius had been living in Washington for over two years. Yet there is no evidence USA Tire made any effort to ascertain Hengyucius's current address. USA Tire's three attempts at personal service at the Magnolia Avenue office in November 2010 did not allow for substitute service because the office was not a proper place for service and USA Tire was not otherwise reasonably diligent in

6

attempting to personally serve Hengyucius. Substitute service was therefore improper and the default judgment against Hengyucius is void.

**3.      Service by Publication on Guo was Improper**

Appellants contend service on Guo by publication was improper because USA Tire failed to exercise reasonable diligence to locate her. Section 415.50 authorizes service by publication when "the party to be served cannot with reasonable diligence be served in another manner . . . ." (§ 415.50, subd. (a).) "It is not actual ignorance that permits resort to service by publication, but the inability to accomplish personal service despite the exercise of reasonable diligence." (*Olvera v. Olvera, supra,* 232 Cal.App.3d at p. 42.) The term reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney [citations]." (*Kott v. Superior Court* (1996) 45 Cal.App.4th 1126, 1137-1138.) The Judicial Council comment to section 415.50 explains that "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." (Judicial Council of Cal., com., reprinted at 14 West's Ann. Code Civ. Proc. (1973 ed.) § 415.50, pp. 561-563.)

Once reasonable diligence has been shown, "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party." (§ 415.50, subd. (b).)

In *Kott v. Superior Court*, *supra,* 45 Cal.App.4th 1126, the plaintiff served defendant Kott by publication in Los Angeles, California after learning Kott was a Canadian citizen. (*Id.* at p. 1132.) In support of its application for service by publication,

7

the plaintiff relied on its investigator's unsuccessful attempts to locate Kott in California, but failed to demonstrate it made any effort to locate an address for Kott in Canada or ask Kott's counsel for Kott's address despite numerous conversations and dealings with him. (*Id.* at p. 1138.) The court found that, by choosing to ignore obvious avenues for obtaining the information, the plaintiff failed to exercise reasonable diligence in attempting to locate Kott. Service by publication was therefore improper. (*Id.* at p. 1139.)

Here, USA Tire had reason to know Guo resided in Washington, as evidenced by its discovery of Washington addresses associated with her and its contact with her Washington attorney. Although USA Tire unsuccessfully sent copies of the summons and complaint to two Washington addresses, there is no evidence it investigated any Washington directory, voters' register, or real or personal property index. Moreover, despite being in contact with her attorney in Washington, USA Tire never asked the attorney for information on Guo's whereabouts. Just like the plaintiff in *Kott*, USA Tire chose to ignore obvious avenues for obtaining information on Guo's whereabouts, and in doing so failed to exercise reasonable diligence in attempting to locate her prior to resorting to service by publication.

Additionally, USA Tire's use of the Inland Valley News in Pomona, California was not reasonably calculated to give Guo actual notice of the action. The asset search indicated Guo's last residence in California was in Chino, not Pomona. And one month before USA Tire filed its application for publication, Guo was listed as American's agent for service of process at an address in City of Industry, California. No evidence supported USA Tire's election of a newspaper in Pomona as the newspaper "most likely to give actual notice to the party to be served. . . ." (§ 415.50, subd. (b); see *Olvera v. Olvera, supra,* 232 Cal.App.3d at pp. 42-43.) We therefore conclude service by publication was improper and the default judgment against Guo is void.

Because we reverse the trial court's denial of appellants' motion to vacate the default judgment on the grounds that the judgment is void due to improper service, we

8

decline to address appellants' alternative argument that they lacked actual notice of the action under section 473.5.

## Disposition

The judgment is reversed. The trial court is directed to vacate its order denying appellants' motion to vacate the defaults and the default judgment and allow appellants to defend the action. Both sides are to bear their own costs.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, Acting P. J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.