Filed 3/29/24  Hester v. Southern Cal. Regional Rail Authority CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| LUTHER HESTER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY DBA METROLINK,<br><br>Defendant and Respondent. | B321396<br><br>Los Angeles County<br>Super. Ct. No. 21AVCV00128 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael C. Kelley, Judge.  Affirmed.

Luther Hester, in pro. per., for Plaintiff and Appellant.

Ivie McNeill Wyatt Purcell & Diggs, Rickey Ivie and Marie Maurice for Defendant and Respondent.

_____

Luther Hester sued Southern California Regional Rail Authority (Metrolink) for premises liability.  Metrolink and Hester traded demurrers and complaints.  When Hester's second

amended complaint was essentially the same as his earlier complaints, the trial court granted a demurrer without leave to amend. Hester argues the court did not let him present his side. We affirm because Hester had a sufficient opportunity to present his case and he gives no record or legal support to demonstrate otherwise.

Hester's original complaint had one sentence of allegations. He said his head got caught in a Metrolink train door. Metrolink demurred. It argued Hester did not sufficiently allege duty, did not allege facts that Metrolink had notice of a dangerous condition, and did not allege facts that Metrolink negligently used or maintained property. Metrolink included as an exhibit the Judicial Council of California's Civil Jury Instructions for premises liability. Hester did not file an opposition to the demurrer.

The court "fully considered the arguments of all parties, both written and oral, as well as the evidence presented" and sustained the demurrer with leave to amend.

Hester filed a first amended complaint that again alleged premises liability and reworded the same facts as his original complaint. Metrolink demurred with the same reasoning as the first demurrer. Hester did not file an opposition.

The court "considered the moving papers and oral testimony" and sustained the demurrer with leave to amend. The court directed Hester to file an amended complaint "that specifically alleges a legally recognized dangerous condition which holds the Defendant responsible."

Hester filed a second amended complaint that again alleged premises liability and reworded the same facts as the earlier complaints. Metrolink demurred a third time with the same

reasoning as its earlier demurrers.  Metrolink requested the court deny leave to amend.  Hester did not file an opposition.

The court "fully considered the arguments of all parties, both written and oral, as well as the evidence" and sustained the demurrer without leave to amend.

Hester appealed.

When the trial court sustains a demurrer, we independently review the pleadings to determine whether they allege facts that state a cause of action.  We review a trial court's denial of leave to amend for abuse of discretion.  We assess whether there is a reasonable possibility the plaintiff could cure defects by amendment.  The plaintiff has the burden to establish this possibility.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Hester's opening brief is one page long.  He says the judge "talked one sided" and did not review Hester's paperwork. Hester requests a "real trial or a civil right[s] trial." Hester's reply makes similar points. He says the judge violated his right to be heard by not letting him present his side.

We presume judgments are correct and the appealing party has the burden to prove error.  (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.)  Appellate briefs must provide record citations to support references to matters in the record.  (Cal. Rules of Court, rule 8.204(a)(1).)  We may disregard unsupported or conclusory legal arguments and we may disregard factual contentions that lack record citations. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Hester argues the court did not hear his side, but this is incorrect.  Hester's briefs have no record or legal citations to establish this point.  The record demonstrates the court did hear him.  Metrolink and the court correctly identified deficiencies in

3

Hester's complaints and the court granted Hester opportunities to fix them.  Instead, he filed amended complaints with no substantive changes.  In its order granting the final demurrer, the court explained that it heard Hester's side:  it considered the arguments and evidence of both sides.  And Hester has not provided reporter's transcripts, so we presume what happened supports the judgment.  (See *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201.)  This means we presume the court let Hester present his position at the hearings.  The court heard Hester's side, many times over.

The court did not abuse its discretion by denying leave to amend.  Hester does not explain how he would cure his complaint on appeal.

## DISPOSITION

We affirm the judgment.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


WILEY, J.


We concur:


STRATTON, P. J.


GRIMES, J.


4