Filed 9/12/14  Schonbrun Desimone et al. v. Benham CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SCHONBRUN DESIMONE et al., | B247328 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC454997) |
| v. | |
| ALICIA BENHAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deirdre Hill, Judge.  Affirmed.

Alicia Benham, in Pro. Per., for Defendant and Appellant.

Schonbrun DeSimone Seplow Harris & Hoffman, Vincent James DeSimone, Armen M. Tashjian and Michael D. Seplow, for Plaintiff and Respondent.

INTRODUCTION

Defendant Alicia Benham appeals from the trial court's order denying her Motion to Set Aside Default Judgment in favor of her former attorneys, Schonbrun DeSimone Seplow Harris Hoffman & Harrison, LLP (the "Law Firm"). She contends the court abused its discretion by denying her motion. We determine that the court acted well within its discretion in denying the motion, and so affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This case arose from Ms. Benham's failure to pay legal fees to the Law Firm after it successfully represented her in an action against Walgreens and S&J Security Services.

The first lawsuit, *Benham v. Walgreens et al.*, LASC Case No. BC 323316, focused on Ms. Benham's false arrest, negligence, and civil rights violations by security guards employed by S&J Security Services working as agents for Walgreens. The Law Firm obtained a $2.1 million jury verdict in Ms. Benham's favor and was awarded attorney fees. The Law Firm also successfully represented Ms. Benham in the appeal of the verdict by S&J Security Services.

According to its complaint, the Law Firm provided Ms. Benham with all funds she was entitled to and fully accounted for how her share of the settlement proceeds was determined. After Ms. Benham received all sums to which she was entitled, she refused to release to the Law Firm the remaining settlement proceeds in payment of the earned contingency fee, attorneys' fees, and costs expressly provided by the terms of a fully executed retainer agreement.

The Law Firm and Ms. Benham attempted to resolve the fee dispute for months. After multiple attempts to resolve the dispute failed, Mr. DeSimone wrote Ms. Benham a letter on November 10, 2010 stating, "I am writing in a final attempt to see if we can resolve our fee dispute without the necessity of our law firm's taking legal actions against you to recover our earned legal fees and cost reimbursements."

On November 23, 2010, attorney Samuel Spira, Esq. contacted Mr. DeSimone and confirmed in writing that he was retained by Ms. Benham to handle the fee dispute and

2

that all matters pertaining to that case should be directed to his attention. Mr. Spira requested information pertaining to the attorney's fees and costs in the underlying lawsuit, which the Law Firm promptly supplied.

After further attempts to resolve the dispute were unsuccessful, the Law Firm filed a complaint against Ms. Benham on Feburary 11, 2011. On March 22, 2011, Mr. Spira contacted Mr. DeSimone and confirmed in writing that: (1) he was aware of the lawsuit filed against Ms. Benham, (2) Ms. Benham was aware of the filing of the lawsuit and was very upset, and (3) neither Ms. Benham nor Mr. Spira would meet with Mr. DeSimone to resolve the matter.

The Law Firm could not personally serve Ms. Benham because she had moved and refused to provide her new address. On April 11, 2011, a lawyer representing the Law Firm, Mr. Tashjian, wrote to Mr. Spira requesting that Ms. Benham either provide her correct address or agree to allow service on her attorney. Mr. Spira said he would speak with Ms. Benham and get back to Mr. Tashjian, but Mr. Spira did not respond further. The Law Firm then hired an investigator to perform a "skip trace" on Ms. Benham in an attempt to discover her address. An address in Malibu was located, but attempts to serve Ms. Benham at the location were unsuccessful.

The Law Firm filed an Application For Order For Publication Of Summons and Complaint on June 30, 2011. Mr. Spira was served with all documents and was kept fully informed throughout the process. On July 12, 2011, the trial court granted the Law Firm's application and ordered that the Law Firm be permitted to serve Ms. Benham by publication. Service of process through publication was completed on July 7, 2011.

On September 6, 2011, Mr. Spira contacted Mr. Tashjian and confirmed he had reviewed the pleadings regarding service by publication and was still Ms. Benham's attorney of record. On September 7, 2011, an attorney from Mr. Spira's office made a special appearance at a scheduled OSC regarding service of process. On September 13, 2011, Mr. Tashjian informed Mr. Spira that service was already effectuated and said: "I simply do not want to enter her default without giving you the opportunity to file an answer. However, if there is no timely response, please be advised that a Request for

3

Entry of Default Judgment will be promptly filed."

Because service was effectuated and Ms. Benham failed to answer or otherwise respond, the Law Firm filed a Request for Entry of Default on October 18, 2011. Mr. Spira was served with all the pleadings in connection with the Request for Entry of Default. On November 3, 2011, Mr. Spira confirmed that he still represented Ms. Benham and was aware of the request for entry of default. On November 10, 2011, Mr. Tashjian responded and confirmed to Mr. Spira that he and the attorney who made the special appearance on his behalf had been "told in no uncertain terms that this matter was going to proceed via default unless a response pleading was filed." Again, Ms. Benham and her attorneys took no timely action to file an answer or otherwise respond.

On November 15, 2011, a Request for Court Judgment was filed and concurrently served by mail on Mr. Spira. The trial court initially rejected the application, requesting proof that Ms. Benham had been notified of her right to arbitration. On February 8, 2012, the Law Firm submitted a declaration demonstrating that Ms. Benham had been notified on several occasions of her right to arbitrate the dispute, but had ignored those requests. Mr. Spira was served with this pleading in support of the Request for Court Judgment.

On April 11, 2012, the trial court entered a default judgment in favor of the Law Firm.

On October 9, 2012, Ms. Benham, in propria persona, filed a Motion to Set Aside Default Judgment, which did not include an attorney affidavit. Ms. Benham based her motion on her assertion that she was unaware of the lawsuit and "took no steps to intentionally or willfully avoid service of process of the suit." After a January 16, 2013 hearing on Ms. Benham's motion, the trial court made factual findings in the Law Firm's favor and concluded that Ms. Benham "has not met her burden of showing lack of actual notice or that any lack of notice was not caused by her avoidance of service or inexcusable neglect. [Ms. Benham] also fail[ed] to explain how she purportedly learned of the lawsuit in August 2012." Furthermore, the trial court held that Ms. Benham's motion was untimely because she filed it, without explanation, on the last day before the

4

six-month period expired.  The court denied the motion.

On appeal, Ms. Benham contends the court abused its discretion when it denied her Motion to Set Aside Default Judgment pursuant to Code of Civil Procedure section 473, subdivision (b).  We hold that the trial court did not abuse its discretion in denying the motion, and thus affirm its decision.

DISCUSSION

Under Code of Civil Procedure[1] section 473, a motion for relief from default may be made on the ground that the default was taken as a result of the defendant's "mistake, inadvertence, surprise, or excusable neglect."  (§473, subd. (b).)  A motion seeking such relief lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion.[2]  (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 232-233.)  "Although a trial court has discretion to vacate the entry of a default or subsequent judgment, this discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within applicable time limits."  (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.)

A party seeking relief under section 473 bears the burden of proof.  (*In re Marriage of Kieturakis* (2006) 138 Cal.App.4th 56, 88.)  Likewise, the burden of showing the trial court's abuse of discretion is upon the party seeking to reverse the order denying relief from default.  (*H. A. Pulaski, Inc. v. Abbey Contractor Specialties, Inc.* (1969) 268 Cal.App.2d 883, 886.)

Ms. Benham's Motion to Set Aside Default Judgment did not include any evidence or authority supporting discretionary relief based on mistake or surprise under

---

[1]  Further statutory references are to the Code of Civil Procedure.

[2]  Section 473, subd. (b) also provides for *mandatory* relief based on an attorney affidavit of fault.  Because Ms. Benham did not submit an attorney affidavit of fault, the mandatory relief provision is inapplicable.

section 473. The crux of Ms. Benham's argument focuses on alleged inadvertence and excusable neglect. Accordingly, this court does not address whether the trial court abused its discretion in denying relief on the grounds of mistake or surprise.

Ms. Benham provided no credible evidence to support a finding of inadvertence or excusable neglect entitling her to discretionary relief under section 473. "'To warrant relief under section 473 a litigant's neglect must have been such as might have been the act of a reasonably prudent person under the same circumstances. The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief. [Citations.] It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. . . . Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. . . . The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded.' [Citation.]" (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206.)

Ms. Benham contends that she did not learn about the existence of the lawsuit until August 2012, after the trial court had entered a default judgment in favor of the Law Firm. However, this argument was rejected by the trial court and the evidence presented to that court revealed that Ms. Benham was aware of the lawsuit as early as 2010. The trial court made findings of fact that: on November 23, 2010, Mr. Spira confirmed in writing that he had been retained by Ms. Benham to handle the fee dispute and that all matters pertaining to the case should be directed to his attention; on March 22, 2011, Mr. Spira confirmed in writing that (1) he was aware of the lawsuit filed against Ms. Benham, (2) he told Ms. Benham about the lawsuit, and (3) Ms. Benham would not meet with Mr. DeSimone to personally resolve the dispute; the Law Firm's efforts to personally serve Ms. Benham were unsuccessful because she had moved and refused to provide the Law Firm with her new address; Mr. Spira failed to respond to Mr. Tashjian's April 11, 2011 request to provide Ms. Benham's correct address or accept service on her

behalf.

These factual findings support the trial court's determination that Ms. Benham's failure to respond to the complaint was not a result of inadvertence or excusable neglect. Ms. Benham and her attorney were aware of the lawsuit since March 22, 2011, but rather than attempt to cooperate with the Law Firm like a "reasonably prudent person," Ms. Benham decided to deliberately evade service of the summons and complaint and then failed to file an answer. (*Hearn v. Howard, supra,* 177 Cal.App.4th at p. 1206.) The Law Firm corresponded with Mr. Spira for over two years, including seven months between Mr. Spira's acknowledgement of the lawsuit (March 22, 2011) and the Law Firm's Request for Entry of Default (October 18, 2011). During that period, the Law Firm served Mr. Spira with all documents related to service by publication and the Request for Entry of Default. The Law Firm also explicitly told Mr. Spira that if Ms. Benham did not file an answer, the Law Firm would proceed via a default judgment. Despite these warnings, Ms. Benham did not file an answer to the complaint nor did she take any "timely" or "adequate steps" to "avoid an undesirable judgment." (*Ibid.*) In short, she did nothing.

Ms. Benham's conduct was precisely the type of conduct that does not warrant relief under section 473 because "[c]ourts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. . . ." (*Hearn v. Howard, supra,* 177 Cal.App.4th at p. 1206.) Ms. Benham refused to allow Mr. Spira to provide the Law Firm with her current address, refused to consent to service on Mr. Spira, and refused to meet with anyone from the Law Firm. Because the court found as a factual matter that Ms. Benham knew about the lawsuit on March 22, 2011, she was grossly careless for failing to discuss the status of the case with her attorney and confirming that the appropriate documents had been filed. (*Ibid.*)

Since Ms. Benham failed to show that the default judgment resulted from her inadvertence or excusable neglect, the trial court did not abuse its discretion in denying her motion to set it aside.

DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P.J.

MOSK, J.

---

[*] Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8