Filed 7/30/21  Frith-Smith v. Cornell CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DAVID FRITH-SMITH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FRANK CORNELL,<br><br>    Defendant and Respondent. | B308083<br><br>(Los Angeles County<br>Super. Ct. No. BC686569) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard J. Burdge, Judge.  Affirmed.

Mark H. Boykin for Plaintiff and Appellant.

Kilpatrick Townsend & Stockton and Emil W. Herich for Defendant and Respondent.

————————————

Appellant David Frith-Smith appeals the grant of summary judgment against him. We affirm. On appeal, Frith-Smith has failed to discuss, let along acknowledge or present to us, the evidence upon which the trial court relied in entering judgment against him. As a result we are unable to conduct a de novo review and rely on the presumption of correctness to affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant David Frith-Smith is a limited partner holding a 7.63 percent interest in California Investors I, a California limited partnership. Respondent is a general partner as well as a limited partner in California Investors I. Frith-Smith filed a complaint against respondent alleging three causes of action which sought: 1) removal of respondent as the general partner for breach of fiduciary duty and failure to provide an accounting; 2) termination and dissolution of the limited partnership; and 3) an award of compensatory and punitive damages for breach of fiduciary duty.

Respondent moved for summary judgment, contending the limited partnership agreement precluded each cause of action. The trial court issued a multi-page tentative ruling which became the order of the court after oral argument. It granted summary judgment on the ground that the limited partnership agreement supported respondent's defenses to each of the three causes of action and appellant had failed to present any evidence, let alone admissible evidence, which raised a triable issue of material fact as to the alleged misconduct.

In the first cause of action, appellant asked the court to remove respondent as general partner because he failed to provide an accounting to the limited partners. In moving for

summary judgment respondent argued that the limited partnership agreement provided for removal of the general partner only upon a vote of the limited partners, a fact which appellant had not alleged and could not prove. Respondent also acknowledged that the court has authority to remove a general partner under Corporations Code section 15903.05 upon a finding of willful misconduct or gross negligence and he provided a declaration setting out the facts upon which he based his decisions as general partner.

Noting the absence of evidence presented by appellant in opposition to the motion, the trial court found the limited partners had not voted to remove respondent as general partner. The court also found respondent's explanations of his accountings overcame appellant's unsupported allegations of willful misconduct and gross negligence. Both grounds defeated appellant's first cause of action for removal of the general partner.

In the second cause of action to terminate the partnership, appellant sought mandatory judicial termination of the partnership because the limited partnership agreement provided for dissolution upon sale of the partnership's principal asset. In his motion, respondent argued that the limited partnership agreement did not *require* dissolution of the partnership agreement upon the sale of its principal asset, as alleged by appellant in the complaint. Instead, the agreement allowed for the termination upon liquidation of all partnership assets, a fact which had not been alleged and had not occurred.

The trial court again found appellant presented no evidence in opposition to this claim and found the partnership agreement did not mandate termination of the partnership upon sale of its

principal asset.  The court also found appellant did not raise a triable issue of fact on the issue of whether respondent committed willful misconduct or gross negligence, which could have justified judicial dissolution of the partnership.

Finally, as to the third cause of action, the trial court found appellant presented no evidence of breach of fiduciary duty in response to respondent's declarations and exhibits, and no evidence that he had been damaged by respondent's management of the partnership.  The trial court entered judgment in favor of respondent.

On appeal, Frith-Smith raises one issue.  He contends he had no duty to present evidence of a breach of fiduciary duty by respondent as general partner.  Instead, he likens a general partner to a trustee under the Probate Code.  His theory is that because the Probate Code requires a trustee to show it did not breach any fiduciary duties, here, too, respondent bore the burden to prove no breach of duty.  Appellant contends respondent failed to carry that burden.

A.      *We Review a Grant of Summary Judgment De Novo.*

Our standard of review is de novo.  (*Howard Entertainment, Inc. v. Kudrow* (2012) 208 Cal.App.4th 1102, 1113.)  We make an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law.  (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222).  In performing our de novo review, we view the evidence in the light most favorable to plaintiff as the losing party.  We liberally construe plaintiff's evidentiary submissions and strictly

4

scrutinize defendants' own evidence in order to resolve any evidentiary doubts or ambiguities in plaintiff's favor. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.)

B.      *On Appeal We Employ the Presumption of Correctness.*

On appeal, a judgment of the trial court is presumed correct. "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

Therefore, an appellant has an affirmative duty on appeal to overcome the presumption of correctness and demonstrate prejudicial error. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207.)

C.      *Appellant Has Abrogated His Duty to Present a Fair Accounting of the Evidence Presented to the Trial Court.*

We must reject Frith-Smith's argument that respondent failed to shoulder his burden as moving party on summary judgment. In the record on appeal, appellant has omitted the two declarations and exhibits respondent submitted in support of his motion for summary judgment, thereby creating a silent record. Under the presumption of correctness, we presume the missing declarations and exhibits sufficiently support the trial court's judgment in favor of respondent. The impossibility of performing a de novo review when appellant has failed to provide all the relevant evidence is beyond cavil.

5

Moreover appellant has failed to even discuss any of the evidence respondent presented in support of his motion for summary judgment. His one-sided recitation of the facts results in a waiver of appellate review. (Cal. Rules of Court, rule 8.204(a)(1)(C) [appellant must discuss all significant facts in its briefing]; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

D. *We Disregard Appellant's Argument as It Is Unsupported by Citations to Relevant Authority and to Facts in the Record that Support His Claim of Error.*

On appeal, the party asserting trial court error may not rest on the bare assertion of error but must present argument and legal authority on each point raised. To demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand Corp*); *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286. We are not obligated to develop appellant's arguments for him and we may and do "disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam* at p. 287; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) The appellate court is not required to search the record on its own seeking error. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) When an appellant raises an issue but fails to support it with reasoned argument and citations to authority, we treat the point as waived. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

6

In his opening brief, appellant provided no citations to the record other than four perfunctory citations to the location of the complaint, answer, motion for summary judgment, and notice of appeal in the appendix and three citations to pages in the appendix without an explanation of their significance to his arguments on appeal.  We decline to search the record on our own seeking error.  (See Cal. Rules of Court, rule 8.204(a)(1)(C).)

Appellant has also failed to point out how the trial court erred in granting the motion.  Indeed, he does not discuss in any way the trial court's ruling.  We decline to speculate about what errors he attributes to the trial court.  (*United Grand Corp.*, *supra*, 36 Cal.App.5th at p. 156.)

## DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.

7