Filed 2/16/24  Henreid v. Skaggs CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PAUL HENREID, | B314741 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV20592) |
| v. | |
| RICHARD SKAGGS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Sotelo, Judge.  Affirmed.

Paul Henreid, in pro. per., for Plaintiff and Appellant.

Raymond N. Haynes for Defendant and Respondent.

————————————————

# INTRODUCTION

After a two-day trial a jury found in favor of defendant Richard Skaggs on defamation and false light claims brought by plaintiff Paul Henreid, an attorney. As explained in greater detail below, Henreid sued Skaggs based on Skaggs' dissemination of an e-mail containing false information regarding Henreid relating to criminal charges that were subsequently expunged under Missouri law. Shortly before Skaggs published the false information, Henreid had resigned from the Oso Town Council after other council members confronted him regarding the alleged criminal charges. Henreid was a member of the town council and had served as its president. The matter received local press coverage. Henreid appeals, contending the trial court incorrectly ruled he was a public figure (or a private figure involved in a public matter), and that it made several evidentiary errors. Henreid has not carried his burden on appeal of demonstrating reversible error, and we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 2018 Henreid owned property in Neenach, an unincorporated community in Los Angeles County. He was a member and, for a time, the president of the Oso Town Council, a local body that advises its member of the Los Angeles County Board of Supervisors on issues of interest to local residents. During his tenure, other members of the council became aware of 20-year-old allegations relating to Henreid when he was a law student that involved criminal charges, which were subsequently expunged under Missouri law. After members of the council

raised this matter with him, Henreid agreed to resign from the council and not to run in an upcoming council election in exchange for the other council members agreeing to pay for "an outside independent accounting firm to audit the Oso Town Council Foundation." (Capitalization omitted.) The matter received local press coverage.

An individual named Jesse Lee expressed interest in running for election to fill the vacancy created by Henreid's resignation, but the other council members raised concerns about Lee's association with Henreid. In February 2019 Skaggs sent an e-mail to Lee and the other council members stating as follows: "We are not going to be fooled again like we were by your compadre, Paul Henreid, who has a history of criminal convictions. . . . We in Neenach are a trusting people and, when Paul Henreid assured the Members of the Board that he [had] no criminal convictions and no dark secrets in his past, we believed him and made him 'temporary President of the Oso Town Council' . . . As the administrator of the Neenach Community Group Facebook page, you have an obligation of trust to the community to be 'totally transparent' and to provide your identity and current address for the safety of one and all." At trial, the jury expressly found Skaggs' statement about Henreid was false.

Henreid filed a complaint against Skaggs based on this email. He alleged causes of action for defamation per se and invasion of privacy by false light. Henreid unsuccessfully moved for summary judgment, and his action was set for trial in June 2021. Before trial, Skaggs filed a motion in limine asking the trial court to rule that Henreid was a public figure or, alternatively, a private figure in a matter of public concern. A ruling in favor of Skaggs on that motion would essentially require

Henreid to prove at trial that Skaggs' statement was made with actual malice by clear and convincing evidence. (See *Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 256 (*Reader's Digest*) [public figure]; *Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 747 [public concern].) The trial court granted the motion, but it is unclear whether it ruled that Henreid was a public figure or that he was involved in a matter of public concern. The minute order memorializing the trial court's ruling is not in the record, and there was no court reporter present at the hearing. There was also no court reporter at the trial.

In the absence of a reporter's transcript, we quote the relevant portion of the settled statement describing the trial and the evidence presented by the parties.[1] (Cal. Rules of Court, rule 8.137.)

"The following is a summary of the proceedings and testimony at the trial in this matter:

1.     On April 26, 2021, Skaggs filed a motion in limine to determine whether Henreid was a public figure for the purpose of the action at issue in the trial court. That motion was presented and granted at the final status conference on June 8, 2021.

2.     On June 8, 2021, jury selection began.

3.     Testimony began on [June] 9, 2021. Henreid testified on [June] 9, 2021 and [June] 10, 2021. Plaintiff testified that he told Defendant about his expungement [under Missouri law] several times and advised Defendant in writing via e-mail to stop making defamatory statements about Plaintiff. In that

---

[1]     On our own motion we take judicial notice of the trial court's minute orders dated June 9 and 10, 2021 as these orders describe the evidence offered at trial and the exhibits admitted into evidence. (Evid. Code, §§ 452, subd. (d), and 459.)

correspondence, Plaintiff provided Defendant with an official criminal history record from the California Department of Justice showing no criminal history record for Plaintiff. Plaintiff testified that he told Defendant that Missouri Invasion of Privacy is not a sex offense and that Plaintiff had no convictions for any sex offenses. . . .

4. On [June] 9, 2021, on cross examination, Skaggs sought to introduce newspaper articles [regarding the alleged criminal charges against Henreid] from 2018. In all, Skaggs requested introduction of 15 newspaper articles regarding the conviction from publications such as the Washington Post, CBS, the ABA Journal, the Associated Press and other national publications. The trial court allowed only two stories . . . finding the other article [was] 'cumulative.'[2]

5. The newspaper articles admitted speak for themselves and presented a question of fact for the jury to decide as to whether Henreid presented clear and convincing evidence that Skaggs knew his statement was false or had serious doubts about the truth of his statement.

6. The newspaper articles presented a question of fact for the jury to decide as to whether Henreid presented clear and convincing evidence that Skaggs knew his statement was false or had serious doubts about the truth of his statement.

7. Henreid offered evidence regarding the Missouri expungement laws, and a real estate contract that stated Henreid had moved to Oklahoma. The court rules those documents

---

[2] The trial court's minute order dated June 10, 2021, identifies three (not two) news articles that were admitted in evidence.

irrelevant to the [*sic*] Henreid's claims that the statement in Skaggs' email was libelous.

8.      Skaggs testified on June 10, 2021, stating that, at the time he wrote the alleged defamatory email, he was president of the Oso Town Council, and wrote the email, and wrote that email in the execution of his duties as the president.  Skaggs testified that Henreid had been a member of the Oso Town Council and its president for a period of time.  Skaggs testified that the Oso Town Council acted as a quasi-public entity advising the Los Angeles County Board of Supervisors on issues before the town of Neenach in Los Angeles County, an area of about 500 residents between Gorman and Lancaster California.  Its monthly meetings [were] open to the public and covered extensively by local media." (Capitalization omitted.)

The jury returned a verdict in favor of Skaggs.  The jury in its special verdict found, among other things, that:  Skaggs made the challenged statement; the recipients reasonably understood it was about Henreid; and Skaggs' statement about Henreid was false.  But the jury also found Henreid did not "prove by clear and convincing evidence that Skaggs knew the statement was false or had serious doubts about the truth of the statement."  The court entered judgment on the jury verdict, and Henreid filed a timely notice of appeal.

## DISCUSSION

Henreid challenges the trial court's ruling granting Skaggs' motion in limine regarding his status as a public figure or private figure involved in a matter of public concern.  Henreid also argues the court erred in excluding certain items of evidence at

6

trial (including discovery admissions and declarations), and erroneously admitted two news articles regarding the past criminal charges against him.  Henreid also filed a motion for sanctions against Skaggs.  We address each in turn.

A.     *The Law of Defamation*[3]
The elements of a claim for defamation depend on whether plaintiff is a public figure or a private figure in a matter of public concern.  For a private figure, the elements for a defamation cause of action are "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage."  (See *John Doe 2 v. Superior Court* (2016) 1 Cal.App.5th 1300, 1312.)  As noted above, when a plaintiff is a public figure or involved in a matter of public concern, the law requires proof of actual malice by clear and convincing evidence.  "If the person defamed is a public figure, he cannot recover unless he proves, by clear and convincing evidence [citation], that the libelous statement was made with "'actual malice"—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.'"  (*Reader's Digest*, *supra*, 37 Cal.3d at p. 256.)  Similarly, if the defamation involves an issue of public concern, proof of actual malice is

---

[3]     Henreid does not advance any argument on appeal regarding his cause of action for "right of privacy—false light."  In any event, "[w]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action."  (*Eisenberg v. Alameda Newspapers, Inc.* (1999) 74 Cal.App.4th 1359, 1385, fn. 13; accord, *Selleck v. Globe International, Inc.* (1985) 166 Cal.App.3d 1123, 1136.)

necessary to recover presumed or punitive damages even if the plaintiff is not a public figure. (See *Brown v. Kelly Broadcasting Co., supra,* 48 Cal.3d at p. 747.)

"Actual malice" in this context means the defamatory statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not." (*New York Times Co. v. Sullivan* (1964) 376 U.S. 254, 280.) Reckless disregard of the truth means that the publisher "in fact entertained serious doubts as to the truth" of the challenged statement. (*St. Amant v. Thompson* (1968) 390 U.S. 727, 731.) To show actual malice, "'the publisher must come close to willfully blinding itself to the falsity of its utterance.'" (*Brown v. Kelly Broadcasting Co., supra,* 48 Cal.3d at p. 747.) This is "a subjective test, under which the defendant's actual belief concerning the truthfulness of the publication is the crucial issue. [Citation.] This test directs attention to the 'defendant's attitude toward the truth or falsity of the material published . . . [not] the defendant's attitude toward the plaintiff.'" (*Reader's Digest, supra,* 37 Cal.3d at p. 257.) Thus, "[t]he failure to conduct a thorough and objective investigation, standing alone, does not prove actual malice, nor even necessarily raise a triable issue of fact on that controversy. [Citations.] Similarly, mere proof of ill will on the part of the publisher may likewise be insufficient." (*Id.* at p. 258.)

For these reasons, whether Henreid is a public figure or involved in a matter of public concern is "a question of law which is crucial to the proper resolution of [a] libel claim." (*Reader's Digest, supra,* 37 Cal.3d at p. 252.) "On appeal, the trial court's resolution of disputed factual questions bearing on the public figure determination is reviewed for substantial evidence, while

8

the trial court's resolution of the ultimate question of public figure status is subject to independent review for legal error." (*Khawar v. Globe Internat., Inc.* (1998) 19 Cal.4th 254, 264; see *Brown v. Kelly Broadcasting Co., supra,* 48 Cal.3d at p. 747 [similar regarding public concern].)

B.      *The Duty To Present an Adequate Record for Review on Appeal*

An appealing party has the burden to provide the reviewing court with an adequate and accurate record on appeal to demonstrate reversible error.  (See *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 ["It is the burden of appellant to provide an accurate record on appeal to demonstrate error."].)  Our review of this appeal is limited by the lack of an adequate record of the evidence and arguments, which would allow us to review the trial court's rulings.

"A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Srithong v. Total Investment Co.* (1994) 23 Cal.App.4th 721, 725, fn. 3 ["It was of course the duty of Srithong, as the appellant, to furnish an adequate record for review."].)  "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.)

Similarly, where a ruling is made following a hearing on a motion, in the absence of a record of what transpired at the

9

hearing, we presume the trial court had before it whatever evidence was needed to support the ruling. (See *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201 (*Hearn*) ["[A]lthough the cornerstone of several of appellant's arguments involves what occurred at a . . . hearing, appellant has not furnished a reporter's transcript of those proceedings. We must therefore presume that what occurred at that hearing supports the judgment."]; see also *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9 [defendant insisted he made a special rather than a general appearance at an unreported hearing; in the absence of a record "[w]e must therefore presume that [defendant] did not limit his objections at the . . . hearing to matters of jurisdiction, that he opposed [plaintiff's] prayers for relief on the merits, and that he thus submitted to the court's jurisdiction by making a general appearance."]; Cal. Rules of Court, rule 8.137(d)(2).)

As noted above, Henreid proceeded on a settled statement (Cal. Rules of Court, rule 8.137), which requires "a condensed narrative of the oral proceedings," "includ[ing] a concise factual summary of the evidence and the testimony of each witness relevant to the points that the appellant . . . raise[s] on appeal. . . . Any evidence or portion of a proceeding not included will be presumed to support the judgment or order appealed from." (*Id.*, rule 8.137(d)(2).)

C.    *Henreid Does Not Meet His Burden of Demonstrating the Trial Court Erred in Granting the Motion in Limine*

Henreid contends the trial court erred by granting Skaggs' motion in limine deeming Henreid either a public figure or a

10

private figure involved in an issue of public interest.[4]  The effect of this ruling, of course, was to require Henreid to prove at trial by clear and convincing evidence that Skaggs acted with actual malice when he published the defamatory statement regarding Henreid.  Based on the record before us, we conclude Henreid has not demonstrated the trial court erred.

Henreid forfeited the issue on appeal because the record does not reflect he filed an opposition to Skaggs' motion in limine.[5]  "As a general rule, failure to raise a point in the trial court constitutes [a] [forfeiture] and appellant is estopped to raise that objection on appeal."  (*Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 167.)  A party who fails to oppose a motion cannot challenge the order granting the motion for the first time on appeal.  (See *Ferris v. Gatke Corp.* (2003) 107 Cal.App.4th 1211, 1225, fn. 7 [party forfeited challenge to nonsuit motion by failing to object at the time the motion was made; "*Assuming* it was error . . ., it was error invited by counsel's silent failure to timely bring any objection to the trial judge's attention before she had ruled."].)

---

[4]  It is unclear which of these alternatives the trial court adopted.  Henreid refers to an order deeming him a public figure, while Skaggs refers to an order deeming Henreid a "limited public figure in the community of Neenach" or "a Private Individual in a Matter of Public Concern."  For present purposes the difference is immaterial because both require clear and convincing evidence of actual malice.

[5]  Skaggs' appendix includes his motion in limine but does not include the evidence presented in support of the motion.  No document labeled opposition to defendant's motion in limine is listed in the trial court's docket.

11

As noted above, Henreid also failed to present a sufficient record for us to review the challenged order. (See *Mountain Lion Coalition, supra,* 214 Cal.App.3d at p. 1051, fn. 9; see also *Hearn, supra,* 177 Cal.App.4th at p. 1201 [absent adequate record trial court order presumed correct]; *In re Marriage of Obrecht*, *supra,* 245 Cal.App.4th at p. 9 [similar].) The parties' settled statement provides only that, "Skaggs filed a motion in limine to determine whether Henreid was a public figure for the purpose of the action at issue in the trial court. That motion was presented and granted at the final status conference on June 8, 2021." Neither the clerk's transcript prepared at Henreid's direction, nor the appendix filed on appeal, includes the evidence the trial court had before it when it granted the motion in limine.[6] In the absence of any showing of what evidence was before the trial court, we presume the record supported its decision to grant the motion and deem Henreid either a public figure or a private figure in a matter of public concern.[7]

---

[6] Even if *Khawar* requires an independent review of the trial court's ruling, our review is limited by Henreid's failure to present an adequate record on appeal. (Cf. *Eghtesad v. State Farm General Ins. Co.* (2020) 51 Cal.App.5th 406, 411 [declining to review whether demurrer was properly sustained; "[a]lthough our review is de novo, it remains the burden of the plaintiff/appellant 'to show either that the demurrer was sustained erroneously or that the trial court's denial of leave to amend was an abuse of discretion.'"].)

[7] At oral argument, Henreid argued he had introduced evidence that showed he was neither a public figure nor a private figure involved in a matter of public concern. These record citations do not change our conclusion because they are to documents that were not submitted in opposition to the motion in limine, or are to Henreid's legal arguments, which are not

12

In any event, to the extent the settled statement can be deemed to include the evidence before the trial court when it ruled on the motion in limine, it supports the trial court's ruling, and we are obliged to presume the evidence before the court supported the challenged ruling.  The settled statement provides that, "Skaggs testified that Henreid had been a member of the Oso Town Council and its president for a period of time.  Skaggs testified that the Oso Town Council acted as a quasi-public entity advising the Los Angeles County Board of Supervisors on issues before the town of Neenach in Los Angeles County, an area of about 500 residents between Gorman and Lancaster, California.  Its monthly meetings open [*sic*] to the public and covered extensively by local media."  (Capitalization omitted.)

Henreid's position as a town council member and former president is sufficient for the trial court to have determined Henreid was a public figure.  (See *Ghafur v. Bernstein* (2005) 131 Cal.App.4th 1230, 1237 [school board member was public figure because "[t]he designation applies where the individual's 'position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it'"]; *Kahn v. Bower* (1991) 232 Cal.App.3d 1599, 1613 [social worker]; *Gomes v. Fried* (1982) 136 Cal.App.3d 924, 934 [police officer]; *Weingarten v. Block* (1980) 102 Cal.App.3d 129, 139 [former city attorney].)

Henreid also fails to demonstrate it would have been error for the trial court to determine he was a private individual involved in a matter of public concern regarding the candor and

---

evidence.  (*Beagle v. Vasold* (1966) 65 Cal.2d 166, 176 ["It is undeniable that the argument of counsel does not constitute evidence."].)

13

qualifications of those serving on the town council, particularly given the upcoming election of Henreid's replacement and Henreid's own handwritten note resigning from the council upon an audit of the council.  Whether something is an issue of public interest is """"construed broadly.""""  (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 23.)  "Although matters of public interest include legislative and governmental activities, they may also include activities that involve private persons and entities." (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 650-651.)  It even encompasses "'activity between private people.'" (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 465 [communications relating to dispute between volunteer basketball coach and parent-teacher organization involved issue of public interest].)

Henreid relies on *Grenier v. Taylor* (2015) 234 Cal.App.4th 471 (*Grenier*), to argue he was neither a public figure nor involved in an issue of public concern.  In *Grenier,* a pastor and his wife sued to recover damages for defamatory statements accusing the pastor of child abuse.  (*Id.* at pp. 477-478.) Defendants filed an anti-SLAPP motion.  (*Id.* at p. 479.)  The trial court found that child abuse was a matter of public concern and that the pastor was a limited public figure by virtue of his writings and religious broadcasts, but denied the anti-SLAPP motion because plaintiffs had demonstrated a probability of prevailing on their claims.  (*Ibid.*)  The appellate court affirmed the order denying the anti-SLAPP motion, but reversed the trial court's ruling the pastor was a limited public figure.  (*Id.* at pp. 484-485, 487.)  The court reasoned that although the pastor "thrust himself into the public eye as an expert on the Bible and its teachings," that was not sufficient to make him a limited

14

public figure on issues relating to morality of private conduct because that "would be equivalent to holding that being a member of the clergy makes one an all-purpose public figure." (*Id*. at p. 485.) *Grenier* does not help Henried. Even if Henreid was not a limited public figure as president of the Oso Town Council, *Grenier* has no bearing on his status as a private figure in matters of public concern involving the leadership and finances of the Council.

Further, Henreid's argument that because he sold his property in Neenach and moved out-of-state before the date Skaggs sent his email means he was not a public figure or had no connection to a public issue is unpersuasive. In *Cabrera v. Alam* (2011) 197 Cal.App.4th 1077, the plaintiff was a past president of a homeowner's association who had also sold her home and was "not a resident, a member of the [homeowner's] association, a member of the association's board of directors, or a candidate for election" to the board when defendant falsely accused plaintiff of defrauding the organization. (*Id*. at p. 1085.) The appellate court held plaintiff was a limited purpose public figure by "thrust[ing] herself into the controversy surrounding the election of" the board, and that plaintiff's complaints the board was being mismanaged related to an issue of public interest. (*Id*. at p. 1082.) As in *Cabrera*, the fact that Henreid no longer resided in Neenach does not mean he was not a public figure or involved in a public controversy at the time Skaggs sent his e-mail, particularly because the evidence before the trial court included—at a minimum—his prior involvement with the Oso

15

Town Council and complaints relating to financial mismanagement requiring an audit.[8]

D.  *Henreid Does Not Meet His Burden of Demonstrating the Trial Court Abused Its Discretion in Its Evidentiary Rulings*

Henreid challenges several evidentiary rulings made by the court during trial. We review decisions regarding admission of evidence for abuse of discretion. (See *Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 446-447; *Pannu v. Land Rover North America, Inc.* (2011) 191 Cal.App.4th 1298, 1317.) We must also consider Evidence Code section 354, which provides that, "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error or errors is of the opinion that the error or errors complained of resulted in a miscarriage of justice."[9] Under that

---

[8]  Henreid asserts the trial court erred when it instructed the jury that it in order to find for Henreid, it had to find that he proved actual malice by clear and convincing evidence. But he presents no argument the jury instructions themselves were erroneous. Henreid forfeited his argument relating to the jury instructions by not supporting it with legal argument or citations to supporting authority or the record. (See *Sehulster Tunnels/Pre-Con v. Traylor Brothers, Inc./Obayashi Corp.* (2003) 111 Cal.App.4th 1328, 1345, fn. 16 [argument not supported "with citation to law or the evidentiary record . . . is equivalent to a concession"].) But even if we were to reach the argument, it would fail for the same reasons as Henreid's attack on the ruling granting the motion in limine.

[9]  Article VI, section 13 of our state's Constitution, provides in relevant part that, "No judgment shall be set aside, . . . in any cause, on the ground of misdirection of the jury, or of the

standard, "[t]he trial court's error in excluding evidence is grounds for reversing a judgment only if the party appealing demonstrates a 'miscarriage of justice'—that is, that a different result would have been probable if the error had not occurred." (*Zhou v. Unisource Worldwide* (2007) 157 Cal.App.4th 1471, 1480.)

1. *Skaggs' discovery responses and declarations were properly excluded at trial*

Henreid argues the trial court wrongly excluded "discovery admissions" by Skaggs and declarations Skaggs submitted in opposition to Henreid's summary judgment motion. There was no error. The trial court's June 10, 2021 minute order reflects it admitted into evidence Henreid's requests for admission and Skaggs's responses.

Henreid's contention the trial court erred by excluding declarations from "the recipients of Skaggs' e-mail . . . attached to" Skaggs' summary judgment motion is unpersuasive. The court's minute orders do not reflect that Henreid offered these declarations into evidence. Henreid cannot challenge the trial court's failure to admit such evidence in the absence of any indication he sought to introduce it. In any event, the trial court would not have abused its discretion even if it had refused to admit the declarations at trial. "It is well established . . . that declarations constitute hearsay and are inadmissible at trial, subject to specific statutory exceptions, unless the parties

_____

improper admission or rejection of evidence, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

17

stipulate to the admission of the declarations or fail to enter a hearsay objection." (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1354; see *Rowan v. City & County of San Francisco* (1966) 244 Cal.App.2d 308, 314, fn. 3.)[10]

Henreid further argues the failure to admit this evidence meant the jury unnecessarily spent time deliberating regarding these issues and then "rushed to judgment." Henreid posits that had the jury considered the excluded evidence, "they probably would have ruled differently on the questions with a heightened burden of proof resulting from the determination that [Henreid] was a public figure." This contention is speculation that we cannot accept. "No speculation can determine the basis upon which the jury reached its verdict." (*Kovacs v. Sturgeon* (1969) 274 Cal.App.4th 478, 487.)

2.    *The newspaper articles were properly admitted*

Henreid argues the trial court wrongly admitted news articles regarding his past charges. The trial court's June 10 minute order reflects three such articles were admitted in evidence: a U.S. News article from February 2018 describing the charges for which Henreid was indicted in 1998; a Washington Post article from the same time period and with similar content; and an August 1999 article from the St. Louis Post-Dispatch describing Henreid's plea deal and sentence. Henreid concedes the exhibits were admitted "for the limited purpose of showing

---

[10]    For the reasons discussed above, in the absence of a record of the court's evidentiary rulings, we must assume Skaggs made an appropriate hearsay objection that was sustained by the trial court.

the Defendant's state of mind when he made his defamatory statements and what he relied upon."

The trial court did not abuse its discretion by admitting this evidence for the limited purpose of allowing Skaggs to testify that he believed the truth of what he stated in his e-mail. (See *Sanchez v. Bezos* (2022) 80 Cal.App.5th 750, 774 ["evidence is "'capable of being admitted at trial'" if it is "'competent, relevant and not barred by a substantive rule'""]; see also *Hart v. Keenan Properties, Inc.* (2020) 9 Cal.5th 442, 447 ["'When evidence that certain words were spoken or written is admitted to prove that the words were uttered [or written] and not to prove their truth, the evidence is not hearsay. [Citations.] "The first and most basic requirement for applying the not-for-the-truth limitation . . . is that the out-of-court statement must be offered for some purpose *independent* of the truth of the matters it asserts."'"].)

Henreid argues at length the newspaper articles should not have been admitted to show what Skaggs believed to be true because "they do not state directly or indirectly what the defamatory statement states. They state the opposite, i.e., that charges were dismissed and were not convictions as the Skaggs e-mail stated." But as noted above, Skaggs was entitled to offer the articles to show his state of mind. And we discern no prejudice to Henreid because the jury agreed with him that the e-mail statement made by Skaggs was false.

Henreid next contends the articles were admitted during Skaggs' cross-examination of Henreid and went beyond the scope of his direct examination, purportedly in violation of Evidence

19

Code section 773, subdivision (a).[11]  The settled statement establishes that Henreid testified on direct examination regarding his criminal history and thus cross-examination questions (or documents) going to his arrest and sentencing were within the scope of his direct examination.  The trial court has wide discretion to control examination of witnesses, including "discretion to permit the cross-examiner to go beyond the scope of the direct examination."  (*People v. James* (1976) 56 Cal.App.3d 876, 887.)

Henreid's final contention is that admitting the two articles violated Missouri's expungement statute, which provides that "no such inquiry shall be made for information relating to an expungement."  (Mo. Rev. Stat. § 610.140.8.)  There are at least two problems with this argument.  First, the defamation trial was in California, not Missouri.  California's Evidence Code, not the Missouri expungement statute, governed the admissibility of evidence in the trial court.  (Evid. Code, § 300; *Hewitt v. Superior Court* (1970) 5 Cal.App.3d 923, 927 ["[T]he Evidence Code applies to every evidentiary hearing in the state courts."].)  Second, the Missouri statute only addresses the confidentiality of "records and files maintained in any administrative or court proceeding in a municipal, associate, or circuit court for any offense, infraction, or violation ordered expunged under this section."  (Mo. Rev. Stat. § 610.140.8.)  The news articles are not administrative or court records.  Henreid has not shown any error, let alone prejudice amounting to a miscarriage of justice.

---

[11]  Evidence Code section 773, subdivision (a), provides, "A witness examined by one party may be cross-examined upon any matter within the scope of the direct examination by each other party to the action in such order as the court directs."

E.    *Henreid's Appellate Motions*

In this court, Henreid filed a motion for sanctions against Skaggs' counsel, which includes a request for unspecified redactions in the record before us. At oral argument, Skaggs' counsel conceded the trial court ordered certain statements struck from the record in postjudgment briefing. The motion for sanctions is denied. Henreid moved for sanctions under California Rules of Court, rule 8.276(a), but he has not demonstrated that Skaggs' counsel violated that rule by "(1) Taking a frivolous appeal or appealing solely to cause delay; (2) Including in the record any matter not reasonably material to the appeal's determination; (3) Filing a frivolous motion; or (4) Committing any other unreasonable violation of these rules" in this court. Henreid also moved under rule 8.278(a)(5), but that rule relates to "Costs on Appeal" and does not provide a basis for sanctions.[12] The request for redactions is denied without prejudice to filing a procedurally proper motion under rule 8.46.[13]

---

[12]    Additionally, the litigation privilege supports denial of sanctions. (See Civ. Code, § 47, subd. (b); *Friedman v. Knecht* (1967) 248 Cal.App.2d 455, 460 ["'An attorney at law is absolutely privileged to publish false and defamatory matter of another . . . in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto.'"]; *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.* (2020) 56 Cal.App.5th 413, 435 [litigation privilege "is absolute, providing a defense to all torts except malicious prosecution and applying 'to all publications, irrespective of their maliciousness.'"].)

[13]    We deny the accompanying request for judicial notice as moot.

Henreid separately filed a motion to recuse Presiding Justice Perluss.  That motion is denied as moot because the Justice is not assigned to the panel on this case.  In any event, we are compelled to admonish Henreid for his inappropriate ad hominem attacks on a justice of this court in his motion, and for his similar attacks on the trial judge in this case throughout his appellate briefs.  Such personal attacks on bench officers are "inexcusable."  (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1176.)  As an attorney and an officer of the court, Henreid has a duty to "maintain the respect due to the courts of justice and judicial officers."  (Bus. & Prof. Code, § 6068, subd. (b).)

## DISPOSITION

The judgment is affirmed.  The motion for sanctions is denied, and the motion to recuse is denied as moot.  Skaggs is entitled to his costs on appeal.


MARTINEZ, J.

We concur:


FEUER, Acting P. J.                    EVENSON, J. [*]

---

[*]     Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.