Filed 3/18/26 Donart v. Bland CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KEVIN DONART,<br><br>    Respondent,<br><br>v.<br><br>LAURA BLAND,<br><br>    Appellant. | 2d Civ. No. B340877<br>(Super. Ct. No. D370102)<br>(Ventura County) |

Kevin Donart (Father) and Laura Bland (Mother) are the parents of a now-13-year-old son, born in December 2012. The trial court's August 1, 2024 order grants sole legal and physical custody of the child to Father with limited, supervised visitation to Mother. Additionally, the order prohibits any form of contact between the child and his maternal grandparents. Mother appeals, contending the trial court abused its discretion. We affirm.

*Facts and Procedural History*

This matter comes to us on an extremely limited record. This is, in this instance, fatal to the appeal. (See, *infra,* at p. 6.) For example, the trial court's custody and visitation order appears to have been based, at least in part, on the recommendation of a mental health professional, Dr. Brian Adams. The clerk's transcript includes an "Agreement re: Custody and Visitation" dated February 8, 2023 that is signed by the parties and Dr. Adams. It does not include a written report or declaration from him. Although Dr. Adams appears to have testified at the hearing, his testimony is not included in the reporter's transcript. In fact, the record includes a reporter's transcript of only two days of a multi-day hearing. Mother's motion to augment the record adds a transcript of the afternoon session of another hearing day, February 21, 2024. While it appears both parties testified at the hearing, the record we have been provided includes only a portion of their testimony.

The trial court's August 1, 2024 Ruling on Submitted Matter summarizes the testimony of Dr. Adams, the visitation monitor, Kelly Unger, parenting plan coordinator, Marcie Kraft, and the parties. Based on this testimony, the trial court identified several concerns relating to the custody of, and visitation with child. The parents did not communicate well on these issues. Mother made parenting choices for the child that were not age appropriate. She bought him toys and wanted him to watch television programs that were intended for toddlers even though he was 11 or 12 years old at the time. Mother often took the child shopping and brought him a toy or other gift at almost every visit.

The child had extreme difficulty transitioning from visits back to Father's custody. He would tantrum, sometimes hitting, kicking and biting Father. The child also had tantrums when his maternal grandparents were present. For example, he refused to get out of Mother's car at the end of one visit. The trial court noted that Mother did not encourage the child to go back to Father or impose any consequences for his behavior. Instead, she held the car door open and recorded the entire tantrum with her phone.

Mother had primary physical custody before December 2022. During that time, the child attended school only sporadically because Mother would keep him at home, citing health concerns. After Father was awarded sole custody, however, the child attended school every day, completed his homework and began performing at grade level.

The trial court found that it was in the child's best interest to continue the custody and visitation schedule that had been in place since December 2022. The child told Dr. Adams that he preferred to stay in Father's home. He had greater consistency there and was performing much better in school. The trial court concluded, "There would be no benefit to [the child] in disrupting his routine at this time."

The trial court's order granted Father sole legal and physical custody of the child. Mother was granted two hours of supervised visitation and two 20-minute telephone calls with him per week. The child is to have no contact with his maternal grandparents. "This includes in-person contact, contact through electronic means or written letters, and they shall not send gifts of any kind" to him.

The order requires the visitation monitor to determine the date, time and location of visits between Mother and child. Visits are not to occur "in places such as the mall or other public places where supervision and control of the child is difficult. There shall not be any visits to retail stores such as Walmart or Party City, etc. There SHALL NOT be any visits in the home of any party to the case or any other home including the maternal grandparents. . . . There SHALL NOT be multiple locations in one visit, and the mother may not change the location of the visit. If the mother is not able to meet at the time, date, and location of the visit, there shall not be a visit that week." Mother is forbidden to bring any gifts to the visits. She may bring one gift for the child's birthday and one gift for Christmas. The gifts are to be age appropriate. In the absence of an emergency, Mother is not to make phone calls during the visits.

The order requires the child to continue in counseling. It also requires Mother to "undergo a full developmental assessment to determine where the deficits are in her ability to understand simple instructions, her complete inability to parent her child, and the very large gap in her emotional age compared to her chronological age. Of import in the assessment is the mother's emotional age currently, her level of functioning in the world compared to her chronological age, her ability to process information and follow simple instructions regarding rules and boundaries, her continued lying about things that everyone clearly sees she is lying about and her inability to understand how that affects the consequences in her life, her ability to problem solve and learn from her past behavior and make better decisions the next time, the apparent complete inability to manage her own life, and to make a plan on how to

4

deal with the deficits. The report shall be filed with the court under seal, for only the court and the mediator to see."

This portion of the order is a continuation of provisions included in the February 2023 Agreement re: Custody and Visitation and a December 2023 Recommendation, both apparently drafted by the child custody recommending counselor, Dr. Adams. The record does not include a developmental assessment that complies with the order or prior recommendations. However, in December 2022, Mother obtained an assessment from the Los Angeles County Department of Mental Health which concluded that she, "does not meet the diagnostic criteria for a mental health diagnosis." The record also includes a report of a neuropsychological consultation performed in March 2023 that found no "underlying psychiatric or neurological condition."

*Contentions*

Mother contends the trial court abused its discretion when it found that awarding Father sole physical and legal custody was in the best interests of the child. She further contends the trial court abused its discretion when it ordered the maternal grandparents to have no contact with the child.

*Standard of Review*

The trial court in a child custody matter has "the widest discretion to choose a parenting plan that is in the best interest of the child . . . ." (Fam. Code, § 3040, subd. (e).) We review a custody and visitation order under the "deferential abuse of discretion test. [Citation.] The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child. We are required to uphold the ruling if it is correct on any basis,

5

regardless of whether such basis was actually invoked." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32; see also *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.)

"'It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' [Citation.]" (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) The trial court's order is presumed to be correct. "'""All intendments and presumptions are indulged to support [the trial court's order] on matters as to which the record is silent, and error must be affirmatively shown.""'" (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8.) Where, as here, the record does not include a complete reporter's transcript, "'We must . . . presume that what occurred at that hearing supports the judgment.'" (*Id.* at p. 9, quoting *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201.)

*Discussion*

Mother has not met her burden of demonstrating an abuse of discretion on an adequate record. The partial record before us contains evidence supporting the trial court's order. There is evidence that the child experienced severe tantrums after visits with Mother and his maternal grandparents that subsided when he was in Father's custody. His school attendance and homework improved under Father's supervision. He told the recommending counselor, Dr. Adams, that he wants the custody and visitation schedule to remain the same. This evidence supports the trial court's finding that its order advanced the child's best interest.

In addition, we are required to presume the trial court acted properly. Thus, we presume that testimony and argument not included in the partial reporter's transcript would

6

also support the trial court's order.  Mother has not shown an abuse of discretion.

*Conclusion*

The August 1, 2024 Order re Custody and Visitation is affirmed.  Father shall recover his costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

7

Amy Van Sickle, Judge

Superior Court County of Ventura

_____


Rodriguez Law Group and Patricia Rodriguez; Wood
Law Group and Nathaniel Wood, for Appellant.
The Dadvocates and Samera Habib, for Respondent.